Samuel C. Coleman, J.
The wife, to whom I granted a judgment of separation in August, 1964 now moves to “ amend the judgment ” by incorporating in it a provision that she is the owner of two bank accounts, of some shares of stock and of an automobile. These “items of personal property ”, she says, “ were not before the court on the trial of this action.”' 'She is quite right and she cannot now ask me to adjudicate the question of ownership. These items (some of them) were before me in the sense that they were considered in connection with the award for support, but I made no determination of ownership. The huiband presents facts indicating that these possessions are his. But not only am I unable to determine the question on the basis of affidavits, I do not believe section 234 of the Domestic Delations Law empowers me to entertain the application. However broadly the section may be construed, the authorization to make a direction “ in the court’s discretion ” before or after judgment is as to possession only; not as to title.
If the question of title is raised in the matrimonial action, it may (without reference to any qualification) be determined then and there, not later. Of course, it need not be determined in the action and a claimant is free to bring a plenary action. Grammatically the third sentence of section 234 appears to give the court authority to proceed. ‘ ‘ Where the title to real property is affected, a copy of such judgment, order or decree, duly certified by the clerk of the court, wherein said judgment was rendered, shall ibe recorded in the office of the recording officer ’ ’, etc. “ [S]uch judgment, order or decree ” may be ¡said to relate to an order “before or subsequent to final judgment”. But from the standpoint of jural relations that can hardly be the *151 case. Title once established remains fixed; certainly it should not be disturbed by motion in a matrimonial action already concluded. But the right to use, the right to possess certain property, real or personal, may properly remain open and may he subject to change within the orbit of matrimonial litigation, depending upon circumstances. It is the power to effect such changes that section 234 of the Domestic Relations Law confers. The motion is denied.