Francis J. Bloustein, J.
Defendant moves for an order to modify the judgment of divorce dated July 1, 1960 to strike the provision permitting plaintiff to continue to occupy the house then owned by the parties as tenants by the entirety so long as she uses it for the residence of herself and the four children, and to order the sale of the property. In the 10-year period since the judgment, both parties have remarried and two of the children have moved and live with their father, the defendant. The house is now occupied by plaintiff, her present husband and the 19- and 18-year-old daughters of the parties, both of whom will be attending college in September, 1970. Plaintiff has been paying the maintenance expenses of the house as decreed in the judgment. It is not encumbered by any mortgage. Plaintiff does not contest defendant’s claim that he is in straitened financial circumstances.
The judgment did not intend that plaintiff occupy the house forever. Two of the children do not live there and the other two children are no longer attending local schools where a change of residence would disrupt their education. Plaintiff’s new husband is living in the house without any investment in it, while defendant has his investment tied up without receiving any income from it. It was not the intention of the judgment that defendant should provide a home for plaintiff when she remarried and for her new husband. This is the obligation of the new husband. The changed circumstances warrant the relief sought.
The motion is granted, the property is directed to be sold, and the proceeds of sale shall be divided equally between the parties after the payment of all costs of the sale. There should be agreement regarding the manner and terms of the sale and of any adjustments to be made before distribution of the proceeds of the sale. Agreement on these issues, if reached, shall be included in the order to be entered hereon. If agreement cannot be reached, the court will consider fixing the terms of the sale and distribution by appointing a Referee.