■ BURTON S. GOLDSPINNER, Respondent, v JANICE B. GOLDSPINNER, Appellant.—In an action in which the parties were granted a divorce, based upon their having lived separate and apart for a period of two years or more after execution of a written agreement of separation, by a judgment of the Supreme Court, Rockland County, entered November 8, 1973, defendant appeals from (1) as limited by her brief, so much of the said judgment as failed to provide her with a credit for her unequal contribution toward the purchase price of the marital home, (2) an order of the same court, entered May 6, 1974, which (a) granted plaintiff's motion for reargument and (b) upon reargument, ordered that the judgment be amended by deleting therefrom the provision which provided that defendant would receive, from the proceeds of the sale of the marital home, the sums paid by her for the mortgage, interest and amortization, as well as for the real estate taxes, since November 19, 1970, (3) a further order of the same court, entered May 6, 1974, which denied her motion for a counsel fee on the appeal to be taken from the judgment and (4) the amended judgment of the same court, entered August 8, 1974, which incorporated the changes ordered upon plaintiff's motion to reargue. Appeal from the judgment entered November 8, 1973 dismissed as academic without costs or disbursements. That judgment was superseded by the amended judgment. Orders and amended judgment affirmed, all without costs or disbursements. Where a change of substance in a judgment is sought, the remedy is an appeal or a motion to vacate, not a motion to amend the judgment (Herpe v Herpe, 225 NY 323). However, in the exercise of our appellate jurisdiction, we may do what Special Term should have done and we treat plaintiff's motion as one to vacate that part of the original judgment which decreed that, upon the sale of the premises, defendant be reimbursed for the payment of expenses for maintenance of the marital premises from the date of the parties' separation. We perceive no abuse of discretion by the trial court on the record presented herein. Latham, Cohalan, Rabin and Titone, JJ., concur; Martuscello, Acting P. J., concurs insofar as the majority is (1) affirming the order entered May 6, 1974 which was made on defendant's motion for a counsel fee on the appeal and (2) dismissing the appeal from the judgment entered November 8, 1973, but otherwise dissents and votes to reverse the order entered May 6, 1974 which was made on plaintiff's motion to reargue, and so much of the

amended judgment as incorporated the change, and to remand the action to Special Term for a hearing, in accordance with the following memorandum: Although the trial court was without jurisdiction to cure its mistake which affected the substantial rights of the party (see *Herpe v Herpe,* 225 NY 323), I am in agreement with the majority, which decided that, procedurally and in the exercise of our appellate jurisdiction, we may do what Special Term should have done by way of vacating a part of the original judgment. I depart from the majority, however, in the substantive portion of its holding wherein it upholds the trial court's denial of reimbursement to the defendant wife for the payment of expenses for maintenance of the marital premises. The facts, insofar as they are stated below, are undisputed. The parties were married on August 7, 1960 in New York. In 1967 they purchased a one-family house in Rockland County as tenants by the entirety. Thereafter, on November 19, 1970, the parties entered into a separation agreement. It provided, *inter alia,* that the wife was permitted to reside in the house, was to receive alimony and support, was required to pay for the upkeep and maintenance of the house, including mortgage and tax payments, and was to provide a home for the parties' two children. The portion of the agreement as to which my interpretation differs from that of my brethren provides that, in the event of the remarriage of the wife or of her removal from the said premises, the house is to be sold and that the "net proceeds, after deduction of *all expenses* including real estate broker's commission, and reasonable legal fees, shall be divided equally between the parties" (emphasis supplied). Since the date of the agreement, the wife has been working and has paid, from her own funds, the mortgage and real estate taxes on the premises and other myriad expenses for its upkeep and maintenance. The judgment herein appealed from which dissolved the marriage of the parties, stated that, upon the sale of the realty owned by the parties, the wife was to be given credit for the moneys paid for necessary expenses to maintain and preserve the former marital residence subsequent to the separation. However, upon reargument, the decretal paragraph of the judgment which embodied that provision was amended to provide that, upon the sale of the premises, the proceeds were to be distributed equally between the parties, without the afore-mentioned allowance to the wife. Apparently the trial court was of the opinion that defendant's claim for reimbursement of expenditures made by her for the maintenance of the premises was directly opposed to the covenants contained in the separation agreement, in that the defendant was permitted to reside in the marital residence provided she be responsible for "all costs and charges with regard to said premises." Thus, the trial court concluded that the phrase "all expenses", when read in context with the clause of the separation agreement set forth above, which concerns itself only with the sale of the property, must yield the inference that the parties intended that the expenses referred to were only those expenses incurred in the sale of the property. Moreover, the trial court concluded that such a construction is "fair and reasonable when one considers the fact that the plaintiff husband agreed to pay a total of $185.00 per week for alimony and support while the defendant was enjoying the benefit of the use of the house." I disagree. The term "all expenses", as used in the separation agreement, is, at best, ambiguous and does not lend itself to a categorical resolution as a matter of law, especially in view of the fact that the drafters of that paragraph specifically noted that "all expenses" was to "include real estate broker's commission, and reasonable legal fees". Thus, one may reasonably conclude that the term "all expenses" was not limited to the incidental fees necessar-

ily incurred in the sale of the premises, but was merely in addition to other expenses yet undefined. This court has held that, in an action for partition, the court may always adjust the equities of the parties in determining the distribution of the proceeds of sale. In so doing we may take into account moneys received and moneys expended by any of the cotenants during the ownership of the property; any expenditure made by one of the tenants in excess of his share of the obligations is a charge against the interests of his cotenants (Sirianni v Sirianni, 14 AD2d 432). Generally, courts act upon the principle that the parties in a partition suit must do equity as between themselves (14 Carmody-Wait 2d, NY Civ Prac, § 91:242). Here, that principle may be advanced only by the holding of a hearing to determine the intent of the parties concerning the phrase "all expenses". Should it be determined that defendant is entitled to a credit for moneys paid to maintain and preserve the premises after the separation, then, upon the sale of the premises, there should be a determination of (1) what moneys were expended by defendant not only to maintain (heat, etc.), but to preserve (mortgage, taxes, repairs) the marital domicile, which expenditures, perforce, inured to the benefit of the cotenant husband, and (2) whether those expenses were greater than the weekly sum received by her from the plaintiff husband pursuant to the separation agreement. Accordingly, I would reverse the order made on plaintiff's motion to reargue, and the amended judgment entered thereon, and would grant a hearing to determine the intention of the parties.