■ Naomi Caracci, Respondent, v City of New York, Appellant, et al., Defendants.—In a medical malpractice action, defendant City of New York appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County, entered April 15, 1975, as is in favor of plaintiff and against it, upon a jury verdict. Judgment reversed insofar as appealed from, and, as between plaintiff and the defendant city, action severed and new trial granted on the issue of damages only, with costs to abide the event, unless, within 20 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $150,000, in which event, the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements. No fact issues were presented as to liability. The verdict was excessive to the extent indicated herein. Hopkins, Acting P. J., Margett, Damiani, Titone and Hawkins, JJ., concur.

■ Margaret W. Cheatham, Appellant, v Lewis M. Cheatham, Respondent.—In an action in which the plaintiff wife was granted a judgment of divorce, she appeals from an order of the Supreme Court, Nassau County, dated December 16, 1975, which denied her motion to resettle or, in the alternative, to modify the said judgment (which motion is treated by us as one to vacate the judgment to the extent that it provided that she pay alimony to the defendant husband [see *Goldspinner v Goldspinner,* 52 AD2d 837]). Order reversed, on the law, without costs or disbursements, and motion granted. No fact questions were considered on this appeal. The judgment of divorce ordered the plaintiff wife to pay the defendant husband alimony. That provision of the judgment was based upon a stipulation entered into between the parties which was not merged into the judgment. Special Term was without authority to order a wife to pay a husband alimony. The motion should have been granted to the extent of vacating that part of the judgment of divorce which provided for alimony payments to defendant. We do not pass upon the validity and enforceability of the stipulation as a contract. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.