■ FLORENCE SCAMPOLI, Respondent, v CARMINE SCAMPOLI, Appellant. —In an action in which the plaintiff wife was granted a judgment of divorce, which judgment awarded her exclusive possession of the marital premises, defendant appeals from so much of an order of the Supreme Court, Suffolk County, dated December 9, 1975, as denied the branch of his motion which

sought leave to commence an action for partition or, in the alternative, to compel plaintiff's new husband to pay rent for use of the marital premises. Order reversed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further proceedings not inconsistent herewith. The remarriage of the plaintiff is a substantial change which makes either partition of the marital premises or payment of rent for the use and enjoyment of the property appropriate. The plaintiff's new husband has an obligation to support her, including the provision of shelter. It is inequitable to deny defendant any realization on his investment in the premises and, at the same time, force him to provide shelter for his former wife and her new husband (see *Milberg v Milberg,* 66 Misc 2d 69, affd 36 AD2d 816). Rather than ordering partition, it may be more equitable to require the plaintiff and her new husband to pay a monthly rental to the defendant. The present record is incomplete and precludes a determination of whether partition, rent, or some other form of relief should be granted. Upon remand, Special Term should consider, among other factors, the financial circumstances of the parties, including the fact that the plaintiff has remarried, the value and rental value of the property, the housing needs of the plaintiff, particularly as custodial parent of the two infant children who are still living with her, and whether increased support for the said children should be ordered. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.