◼ ROSE A. CORSENTINO, Respondent, v CHARLES CORSENTINO, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered August 29, 1977 in Ulster County, which denied defendant's motion to modify the judgment of divorce by deleting the decretal paragraph awarding exclusive possession of the marital premises to the plaintiff and ordering that the marital premises be sold. The facts are not in dispute. After 43 years of marriage the plaintiff wife was granted a divorce in April, 1976 by reason of the defendant's abandonment of her. The judgment awarded the wife exclusive possession of the marital premises which apparently consists of living quarters and a store adaptable to commercial use. There are no dependent children. The husband, at the time of the commencement of the divorce action, and presently, resides in a State facility and the cost of his care is being paid by the State of New York. The wife has remarried and is living with her second husband in the marital premises and her present husband is operating a business in the commercial portion of the premises.

No rent is being paid to defendant. Defendant moved for an order modifying the judgment of divorce by deleting therefrom the award of exclusive possession of the marital premises in plaintiff and ordering that said premises be sold. Special Term found "no material change in circumstances" and denied the motion. The order must be reversed insofar as appealed from and the matter remitted for further proceedings. Disposition of this matter is governed by section 234 of the Domestic Relations Law (cf. *Gajewski v Gajewski,* 52 AD2d 735) which provides that the court may decide which party receives possession of property and further provides that such a decision may be made "subsequent to final judgment". In making such a determination after entry of judgment, the court's discretion must be guided by the presence or not of a substantial change warranting either partition of the premises or payment of rent for use and enjoyment of the property appropriate *(Scampoli v Scampoli,* 54 AD2d 693). In determining whether a sale should be ordered, factors to be considered are the cost of maintaining the premises in comparison to the benefits received, the hardship suffered by either party if the premises are not sold, and the size of the home in comparison with its use *(Ripp v Ripp,* 32 NY2d 755; see, also, *Kahn v Kahn,* 55 AD2d 638, mod 43 NY2d 203). In the record before us, the only relevant factor is that the defendant husband will suffer if the house is not sold or some provision for payment of rent is not made by way of judgment modification. The plaintiff's contention that money realized either by sale or rent will only go to the State, to her detriment, is inapposite and cruel. Every individual is entitled to the dignity of paying his own way with resources rightfully his. Therefore, since the record is bereft of any indication as to the value of the premises, whether mortgaged or not, its size and most adaptable use and any other relevant information except that plaintiff's present husband was a rent paying tenant before the divorce of the parties herein and his marriage to plaintiff, it is not possible to conclude whether partition, rent or some other equitable relief is appropriate. The matter must be remitted for further consideration, among other things, of the net value of the house, the rent formerly paid by plaintiff's present husband, the present rental value, and the housing needs of the plaintiff. Order, insofar as appealed from, reversed, on the law and the facts, without costs, and matter remitted to Special Term for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.