WILLIAM F. SZABO, Respondent, v BARBARA A. SZABO, Appellant.

Fourth Department, November 16, 1979

### APPEARANCES OF COUNSEL

*Lipsitz, Green, Fahringer, Roll, Schuller & James (Denis Kitchen* of counsel), for appellant.

*William J. Casilio* for respondent.

### OPINION OF THE COURT

CARDAMONE, J.

Barbara Ann Szabo, appellant wife, appeals from an order at Trial Term, Erie County, which denied her motion for modification of the previously granted judgment of divorce by striking its provision directing the wife to sell to respondent William Szabo, her former husband, her interest in the marital real property and to amend that provision by directing instead an immediate sale of the marital residence and an equitable distribution of the proceeds. Trial Term also denied appellant's motions for orthodontic expenses for two minor children, increased child support and counsel fees.

This was a "Do-It-Yourself" divorce obtained by the respon-

dent, who appeared *pro se,* against the appellant who defaulted. The judgment of divorce was granted in June, 1972. Appellant's motions for relief were made in November, 1978 and determined solely on the moving papers without a hearing.

We deal first with the motion to modify the 1972 divorce decree. That decree provided, in substance, for appellant to have the use and occupancy of the south side apartment of the marital residence, which is a duplex apartment building owned by the parties as tenants by the entirety, "for as long as she may wish to reside there." The appellant and three of the children occupied one apartment and the other was rented to a tenant. Appellant was to pay monthly rental defined as the difference between the regular rent (measured by the amount received on the north side apartment) and the total amount paid on the mortgage. The critical portion of this provision of the decree stated: "should the defendant (wife) elect to quit and leave the apartment provided for her use hereunder, then, and in that event, the defendant shall sell all of her right, title and interest in said real property to the plaintiff (husband) for the sum of $7,000 which will be payable to the defendant at such time as the plaintiff is financially able to meet this obligation".

Appellant states in an affidavit: "From the date of the divorce until 1977, I and three of my children lived in the south side of the above mentioned duplex and complied with the terms of the decree. In July, 1977 I left the premises and moved with three of my children to Sarasota, Florida where I now reside."

It is her contention that the trial court had no authority to order the sale of her interest in the property to respondent on the terms specified; that the value of the equity in the property greatly exceeds $14,000 so that such ordering paragraph is grossly inequitable; that the ordering paragraph appears only in the judgment and that no reference to it was made during the divorce hearing and, hence, no evidence of value was received, nor was it referred to in the findings of fact and conclusions of law in the divorce decision; and that the ordering paragraph was not based upon any prayer for relief demanded in the complaint. All of the factual averments contained in these contentions stand unrefuted.

█ In resolving this issue we observe at the outset that there exists a procedural problem. Appellant sought relief by

moving in 1978 to amend or modify the 1972 judgment by striking the quoted provision that directs her to sell her marital interest in the real property to respondent for $7,000; she further moved to substitute in its place a provision directing the immediate sale and an equitable distribution of the proceeds of the real property. It is settled law that a trial court cannot modify or amend an error in substance affecting a judgment. Those errors may be corrected only by appeal or by vacating the judgment *(Herpe v Herpe,* 225 NY 323, 327). A clerical error, mistake, defect or irregularity "not affecting a substantial right of a party" may be corrected by amendment or by being disregarded (CPLR 5019, subd [a]; *Herpe v Herpe, supra,* at p 327). The time to appeal has long since expired and vacating the judgment in this case would not result in returning the parties to their status at the time the judgment of divorce was entered *(Gullo v Gullo,* 46 AD2d 991) inasmuch as there is at least a suggestion in the papers before us that the respondent is now remarried. Trial Term, therefore, properly denied the motion insofar as it sought to amend the judgment. Nonetheless, it should have treated appellant's motion as one to vacate the offending portion of the decree. Concededly, were Trial Term to have vacated the entire 1972 divorce decree it then could have entertained the matrimonial proceeding *de novo* and granted the divorce without including in the decree the objected to provision regarding title to real property. To remit this matter for that purpose exalts form over substance. In the interest of conserving judicial time we believe it is within our appellate jurisdiction to take the action that Trial Term should have taken. We consider appellant's motion as one to vacate that particular offending provision of the decree and, accordingly, grant it *(Goldspinner v Goldspinner,* 52 AD2d 837; see, also, *Aleszczyk v Aleszczyk,* 55 AD2d 840).

So treated, that provision in the decree which directed the wife to deed her interest in the marital real property to her former husband must be vacated. Upon divorce the parties' tenancy by the entirety became, by operation of law, a tenancy-in-common. The legislative history of section 234 of the Domestic Relations Law grants power to the trial court to exercise its discretion only with respect to possession of the marital property. Determinations made respecting title are controlled by principles of property law (1963 Report of Joint Legislative Committee on Matrimonial and Family Laws, NY

Legis Doc, No. 34, 1963, pp 84-85). In the instant case the trial court attempted to fashion a provision in its 1972 decree not contained in the complaint or in the prayer for relief and with respect to which no proof was taken. To include such a provision in a divorce decree was an improvident exercise of the trial court's discretion made without any warrant in the statute (Domestic Relations Law, § 234). The trial court had no authority to direct a transfer of title from appellant to respondent *(Kahn v Kahn,* 43 NY2d 203, 209; *McGuigan v McGuigan,* 46 AD2d 665).

Similarly, appellant's motion to obtain a substitute direction for an immediate sale and distribution of proceeds of the real property was properly denied. Such would have been an appropriate request in 1972 at the time of the divorce proceeding where the trial court was in a position to resolve "disputes involving possession and title to property arising as an incident to the marital action" *(Kahn v Kahn, supra,* at p 209). The type of relief appellant now seeks after seven years of ownership as a tenant-in-common with respondent should be made the subject of a separate and plenary action in partition and not be litigated upon a motion for child support or be made to relate back to the original action (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234, Pocket Part 1979-1980, p 9).

▪ Turning to the other issues, the divorce decree awarded custody of three of the four children of the marriage to appellant and custody of one child to the father. The decree provided that respondent would "be responsible for any unusual medical expenses incurred on behalf of the children." In 1973 and 1974 appellant incurred orthodontic and oral surgery expenses for two of the children in the total amount of $2,530. While there is a question whether "any unusual medical expense" includes this work, we need not determine it since the amount is substantial enough to be considered along with other factors in the consideration of appellant's request for increased support. In connection with that motion, it appears that respondent was paying $20 per week per child to appellant for child support under the 1972 decree. At that time the husband's earnings were approximately $10,000-$12,000 per year and are presently $23,000 per year. In addition, respondent receives $6,000 annually in rental income. Appellant's income is $8,346 per year. It also appears that she is presently a resident of Florida; respondent is a New York

resident. While the record is somewhat sketchy, we believe that there are facts alleged in the moving papers sufficient to require a hearing on the issue of child support and the hearing directed will consider the $2,530 increased expense to appellant for the children's orthodontia *(Bruno v Bruno,* 60 AD2d 788; *Klubek v Schad,* 49 AD2d 669). Absent compelling proof, not present here, that the issue of child support can be resolved on motion papers, a hearing is necessary *(Nogid v Nogid,* 54 AD2d 961; *Matter of Garritano v Garritano,* 49 AD2d 906).

Turning to the denial of appellant's motion for counsel fees, we remit that question to the trial court to be determined by it after the hearing on increased child support (Domestic Relations Law, § 237, subd [b]).

█ Finally, appellant's belated appeal in 1978 from the entire judgment of divorce granted in 1972 must be dismissed inasmuch as no appeal by the aggrieved party lies from a judgment taken upon default (CPLR 5511; *Herpe v Herpe,* 225 NY 323, *supra).*

The order should be reversed and the motion to vacate a portion of the judgment should be granted and the matter should be remitted to Erie County Supreme Court for a hearing all in accordance with this opinion.

HANCOCK, JR., SCHNEPP, DOERR and WITMER, JJ., concur.

Appeal from judgment unanimously dismissed.

Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for a hearing in accordance with opinion.