■ Raymonde Shamsee, Respondent, v Muddassir Shamsee et al., Appellants.—In a matrimonial action (1) the defendant husband appeals from an order and judgment (one paper) of the Supreme Court, Queens County, dated October 18, 1979 which (a) granted plaintiff wife's motion to amend a prior judgment of said court dated June 9, 1976 so as to award her sole and exclusive ownership of the personalty of the marital residence and (b) awarded her $14,600 for alimony arrears and (2) American President Lines, Ltd. (APL) appeals from an order of the same court entered December 19, 1979, which denied, on grounds of lack of standing, its motion to vacate so much of the order and judgment dated October 18, 1979 as granted plaintiff sole and exclusive ownership of the personalty of the marital residence. Order and judgment dated October 18, 1979 reversed, on the law, without costs or disbursements, and motion denied. Appeal from order entered December 19, 1979, dismissed as academic, without costs or disbursements, in light of the determination of the appeal from the order and judgment dated October 18, 1979. Plaintiff and defendant were married in 1956. In 1975 marital difficulties arose between the parties. Plaintiff commenced an action seeking a separation and defendant counterclaimed for a divorce. A trial was held resulting in a judgment dated June 9, 1976 which, inter alia, denied plaintiff a separation and defendant a divorce and also provided (1) that "no award is made as to the exclusive possession of the marital residence or a granting and division of the marital assets" and (2) that defendant pay $200 per week for plaintiff's support and maintenance. Thereafter, in late 1976, defendant retired from his position at the United Nations and returned to Pakistan. He also allegedly shipped the contents of the marital residence, as well as other assets, to Pakistan via APL. Plaintiff, in response, moved to amend the June 9, 1976 judgment so that it would provide that she is the sole and exclusive owner of all items which were in the marital residence. Special Term, in ruling on this motion, stated in a memorandum that "all the equities lie with the plaintiff" and that "if it will assist the plaintiff to have the judgment amended to grant her ownership of the marital property, this court will so amend the decree." In an order and judgment (one paper) dated October 18, 1979 (which is

under review here) Special Term amended the June 9, 1976 judgment *nunc pro tunc* so as to grant plaintiff exclusive ownership of the personalty of the marital residence. Plaintiff was also awarded $14,600 in alimony arrears although no request for such relief had been made. We reverse. The June 9, 1976 judgment was a final adjudication of plaintiff's cause of action for separation and defendant's counterclaim for divorce. It is true that pursuant to section 234 of the Domestic Relations Law issues of title may be litigated in the main matrimonial action. However, once final judgment is entered in the matrimonial action questions of title as opposed to possession should be adjudicated in a separate and plenary action (see *Szabo v Szabo,* 71 AD2d 32, 36; *Roth v Roth,* 45 Misc 2d 150; Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234, Cumulative Ann Pocket Part 1979-1980, p 9). Therefore, Special Term erred in adjudicating the issue of title as part of the matrimonial action after final judgment had been entered in said action. Regarding alimony, Special Term, *sua sponte,* made an award of arrears. In view of the lack of affidavits on the issue and the absence of any hearing on the amount due, the court had no basis upon which to make an award. Accordingly, we also reverse the arrears award but note that such reversal is without prejudice to any relief plaintiff may seek in that regard. Since we are reversing the October 18, 1979 order and judgment, APL's appeal from the order entered December 19, 1979, becomes academic. Rabin, J. P., Cohalan, Martuscello and Weinstein, JJ., concur.