■ ELLIS N. JONES, JR., Appellant, v JUDITH A. JONES, Respondent. — Appeal from so much of an order of the Supreme Court at Special Term (Cholakis, J.), entered November 6, 1980 in Rensselaer County, as denied plaintiff's motion to amend and modify a prior final judgment of divorce. Plaintiff was granted a divorce (and the defendant wife's counterclaim for divorce was denied) by a judgment dated December 29, 1978 which also denied alimony to defendant. The judgment further ordered that for the minority of the parties' two children, who were placed in her custody, defendant would have the exclusive possession of the former marital residence. Defendant was obligated by the judgment to bear the ordinary expenses of maintaining and insuring the premises as well as to pay all taxes and mortgage payments and one half of all major repairs during her occupancy. On or about May 5, 1980, defendant remarried and, as of the time of this motion, her new husband resided with her in the former marital residence of the parties. Plaintiff moved to modify the provisions for possession and use of the residence upon the ground that the remarriage constitutes a change in circumstances warranting

either an immediate sale of the premises and a division of the proceeds or the payment of $450 per month as a reasonable sum for rental. Plaintiff's affidavit is premised entirely upon the theory that he is not obligated to provide a home for the new husband and, further, the new husband is obligated to support defendant. Special Term held: "The motion for modification of the judgment is, of course, directed to the discretion of the court. In the instant matter it is this court's opinion that the presented facts do not establish that the remarriage of the defendant has worked a substantial change in the circumstances which existed at the time of the making of the judgment, nor does it appear inequitable to continue the judgment's subject provisions which primarily serve to benefit the parties' infant children." The provisions of the divorce decree are such as to demonstrate that the occupancy of the premises was intended by the court as a partial form of support for the infant children during their minority. Under such circumstances, the mere fact of remarriage has no relevancy to the previously determined responsibility of plaintiff for such support of the children as is provided through defendant's possession of the premises. This appeal has no merit. Plaintiff's citation to the cases of *Milberg v Milberg* (66 Misc 2d 69, affd 36 AD2d 816) and *Scampoli v Scampoli* (54 AD2d 693) as applicable is inapposite as both cases are inapposite. In the *Milberg* case, the children of the parties were either all out of the home or almost out of the home *and* the moving party was in substantial need of moneys representing his equity in the home. The *Scampoli* case, upon its face, does not appear to involve the possession of the marital premises for the benefit of the children of the parties, but it is noted that the court, in remanding the matter, directed Special Term to consider the housing needs of the spouse having occupancy of the premises as custodial parent of the parties' children. *(Supra,* at p 694.) In the recent case of *Corsentino v Corsentino* (67 AD2d 798), which neither party cites, this court set forth the factors to be considered on a motion for modification based upon a change in circumstances. Plaintiff has not attempted to show any of the factors determined relevant in *Corsentino* on such a motion, and, in particular, there is no showing of current fiscal detriment to plaintiff or any other prima facie showing of a change in circumstances as to support of the children. Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.