■ ORLANDO PORTANO, Respondent, v ELEANOR PORTANO, Appellant. — In an action in which the plaintiff husband's complaint seeking a divorce was dismissed by a judgment of the Supreme Court, Nassau County (Young, J.), entered September 12, 1977, the defendant wife appeals from so much of a judgment of the same court (Burstein, J.), entered September 10, 1980, as, upon an agreed statement of facts, denied her application to modify the 1977 judgment by deleting therefrom the provisions (a) terminating her right to exclusive possession of the marital abode as of two years from the date of that judgment and (b) ordering the sale of the premises at such time. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, application granted to the extent that the provision of the judgment entered September 12, 1977 which directs a sale of the marital premises is vacated and, with respect to the application to vacate the provision of the 1977 judgment

which terminates defendant's right to exclusive possession, the case is remitted to Special Term for further proceedings consistent herewith. Where a change of substance in a judgment is sought, the remedy is a direct appeal or a motion to vacate the judgment, not a motion to amend the judgment (*Herpe v Herpe,* 225 NY 323). Special Term properly treated defendant's motion to modify the judgment entered September 12, 1977 as a motion to vacate the particular offending provisions of that judgment (see *Goldspinner v Goldspinner,* 52 AD2d 837; *Szabo v Szabo,* 71 AD2d 32). So treated, that provision which directs a sale of the premises must be vacated and, with respect to the provision which terminates the defendant's right to exclusive possession, the matter must be remitted to Special Term for further proceedings. By the judgment entered September 12, 1977, the trial court dismissed the plaintiff husband's complaint for a divorce and, *inter alia,* awarded the wife exclusive possession of the marital residence, owned by the parties as tenants by the entirety, for a period of two years following the date of the judgment and directed a sale of the premises at the end of that period. Thereafter, on November 22, 1977, the Court of Appeals held, on an appeal from a judgment of divorce (*Kahn v Kahn,* 43 NY2d 203, 210): "Since section 234 was intended only as a procedural device to permit a court in a marital action to determine questions of possession and title arising within that action, and was not intended to alter existing substantive property law principles, we hold that unless a court alters the legal relationship of husband and wife by granting a divorce, an annulment, a separation or by declaring a void marriage a nullity, it has no authority to order the sale of a marital home owned by the parties as tenants by the entirety." At the end of the two-year period provided for in the 1977 judgment the wife sought to delete the direction terminating her exclusive possession and ordering a sale of the premises. Special Term, relying on *Matter of Gowan v Tully* (45 NY2d 32, 36), denied the motion to delete those particular provisions of the judgment on the ground that *Kahn* was an overruling decision and it is the long-standing rule in New York that an overruling decision should not be applied retroactively. Special Term's denial of the wife's application was based on the erroneous assumption that the subject provision in the 1977 judgment was a final determination. However, a determination in a *matrimonial action* as to the *possession* of property is not final. Section 234 of the Domestic Relations Law provides, in pertinent part, that "[i]n any action for divorce * * * the court may * * * (2) make such direction, between the parties, concerning the *possession of property,* as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties" (emphasis added). The statute further provides: "Such direction may be made in the final judgment, or by one or more orders from time to time before or subsequent to final judgment" (emphasis added). With respect to awards of possession, therefore, the court has been given the power to "change its mind" (Siegel, 1964 Supplemental Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law, § 234, 1980-1981 Pocket Part, p 140) and a direction in the final judgment as to the possession of property may be modified thereafter (2 Foster-Freed, Law and the Family, § 22:37, pp 103-104; see, also, *Corsentino v Corsentino,* 67 AD2d 798; *Szabo v Szabo,* 71 AD2d 32, *supra; Goldspinner v Goldspinner,* 52 AD2d 837, *supra*). Accordingly, the provision in the 1977 judgment which directed a sale of the marital home at the end of two years must be vacated. The marital relationship between the parties remaining unaltered, the trial court had no authority to order a sale of property owned by the parties as tenants by the entirety (see *Kahn v Kahn,* 43 NY2d 203, *supra;* cf. *Szabo v Szabo, supra*). With respect to the provision terminating the wife's

right to exclusive possession at the end of two years, there is no information in the record on which that issue can be resolved and the matter must be remitted to Special Term for further proceedings with respect thereto. Rabin, J. P., Margett, O'Connor and Thompson, JJ., concur.