■ SHIRLEY R. ANASTASIA, Respondent, v DENNIS E. ANASTASIA, Appellant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant husband appeals in part from an order modifying a 1977 judgment of divorce. The original decree awarded custody of the two children of the marriage to plaintiff. It also granted to her exclusive use and possession of the marital residence until she remarried or the children reached 21 years of age or were earlier emancipated, at which time the premises were to be sold. ¶ Since 1978 when the children left the marital residence and commenced living with defendant, plaintiff has lived alone in the three-bedroom home. On this motion defendant sought custody of the children and an order directing the sale of the marital premises and a division of the proceeds. In ordering that the parties have joint custody, Special Term directed that the children continue to reside with defendant but placed the younger child with plaintiff on alternate weekends. The court also continued plaintiff's use and possession of the marital home. Plaintiff has not appealed. ¶ In the circumstances presented, the order for joint custody of the younger child is in the child's best interests (*Eschbach v Eschbach*, 56 NY2d 167). The older child is now 18 years of age and the question of her custody is moot (Domestic Relations Law, § 2; *Silverman v Silverman*, 50 AD2d 824). ¶ We deem it inappropriate, however, to perpetuate plaintiff's exclusive use and possession of the marital home. Plaintiff is employed and self-sufficient. Since the children no longer reside with her, the intent and purpose of that provision of the judgment is no longer being served. The judgment is, therefore, modified so as to terminate such use and possession (see Domestic Relations Law, § 234; *Portano v Portano*, 85 AD2d 622; *Corsentino v Corsentino*, 67 AD2d 798), and the premises shall be sold as required by the judgment. (Appeal from order of Supreme Court, Cattaraugus County, Crowley, J. — modification of divorce decree.) Present — Dillon, P. J., Hancock, Jr., Denman, Green and Moule, JJ.

■ In the Matter of JOHN J. DONOVAN, as Administrator of the Estate of GEORGE V. DONOVAN, Deceased, Respondent, v COUNTY OF NIAGARA, Appellant, et al., Defendant. — Order unanimously reversed, without costs, and defendant county's motion granted. Memorandum: Special Term improperly denied defendant's motion to dismiss the cause of action for conscious pain and suffering and granted plaintiff's cross motion for leave to file a notice of claim *nunc pro tunc*. Plaintiff's decedent, while a prisoner in the custody of the county, was hospitalized on August 22, 1979. From August 22, 1979 until his death on December 25, 1979, decedent was continuously in a coma. The notice of claim was filed on March 25, 1980 but no application for leave to file a late notice of claim was made until November 18, 1982. Giving plaintiff the benefit of tolling of the Statute of Limitations (CPLR 208) during the entire period that decedent was in a coma, the application was not made until approximately 35 months after decedent's disability ceased. Because the application was made after the expiration of the maximum period permitted by subdivision 5 of section 50-e and section 50-i of the General Municipal Law (one year and 90 days), plaintiff's motion should have been denied and the cause of action for conscious pain and suffering dismissed (see *Pierson v City of New York*, 56 NY2d 950; *Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256). (Appeal from order of Supreme Court, Niagara County, Johnson, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Denman, Green and Moule, JJ.

