■ BONITA GREENBERGER, Appellant, v KALMAN GREENBER-GER, Respondent.—Kane, J. P. Appeal from an order of the Supreme Court (Travers, J.), entered September 7, 1988 in Rensselaer County, which granted defendant's motion to compel the sale of the parties' marital residence.

In 1980 the parties were granted a judgment of divorce. The judgment provided, *inter alia*, that plaintiff was to retain exclusive use and occupancy of the parties' marital residence until such time as she remarried. It was also provided that upon the sale of the residence the proceeds thereof were to be divided equally between plaintiff and defendant. In 1984 plaintiff remarried and the parties entered into discussions concerning the possibility of plaintiff purchasing defendant's interest in the residence. The discussions were apparently unsuccessful and defendant thereafter moved to compel plaintiff to list the residence for sale. Plaintiff opposed the motion, arguing that the fair market value of the residence had not been established and that she should be given credit for certain repairs and improvements she made to the premises. Supreme Court granted defendant's motion and plaintiff has appealed.

We affirm. Initially, we disagree with plaintiff's assertion that Supreme Court implicitly determined that it did not have jurisdiction to modify the original judgment of divorce. It is true that a direction in a final judgment of divorce as to possession or sale of property may be modified thereafter *(see, Portano v Portano,* 85 AD2d 622, 623; *see also, Anastasia v Anastasia,* 100 AD2d 740). In deciding the motion, Supreme Court stated that upon the sale of the property, the proceeds be equally divided between the parties "without adjustment for repairs or any claim for rent". Therefore, while the court rejected both parties' claims for further moneys than had been provided in the divorce judgment, it did consider these claims. There is no indication that it viewed itself bound by the judgment's provisions.

We also reject plaintiff's argument that Supreme Court should have held a hearing on the question of the property's fair market value *(see, Ganci v Ganci,* 92 AD2d 881). Defendant submitted an appraisal estimating the property's value

at $75,000, while plaintiff's appraiser came in with a figure of $74,900. Based on these figures, no hearing on this question was required. Plaintiff claims that the appraised values should have been decreased by reason of her maintenance and repair costs. Here, too, however, no hearing was required. The figures for such expenditures were set forth by plaintiff and Supreme Court rejected her claim. Plaintiff obtained the right to exclusive possession of the premises until she remarried. The divorce judgment specifically provided that upon the sale of the premises, the proceeds were to be divided equally between the parties. No provisions were made for a credit for expenditures for upkeep or improvements. Plaintiff asserted no facts to warrant a hearing with respect to such credits and, therefore, the court's direction that the premises be sold, as required by the judgment, was proper (see, Anastasia v Anastasia, supra).

We also reject plaintiff's remaining assertion that Supreme Court's order was vague and unenforceable. Its direction that the property be sold at its fair market value with the proceeds to be divided equally by the parties was proper and, in our view, there was no necessity to specify a certain real estate broker.

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Levine and Mercure, JJ., concur.