OPINION OF THE COURT
Angelo Graci, J.
If a wife in her divorce judgment of 1981 has been awarded exclusive possession of the two-family marital residence until the emancipation of the infant children of the marriage, and the husband now alleges a substantial change of circumstances rendering him homeless and requests permission to occupy the upstairs apartment of said marital residence, can the court modify the possession award, or like a distributive award, is such a determination once made, not subject to change?
*7 This is one of the questions raised by defendant Chester Malyszko in this motion to modify the judgment of divorce, dated April 8, 1981 wherein he requests the following relief: (a) permission to occupy and use the upstairs apartment of the former marital residence, located at 97-21 90th Street, Ozone Park, New York; (b) that he be relieved of any and all future maintenance and child support payments and any accrued arrears; and (c) that he be awarded maintenance until his death or remarriage.
The underlying action of divorce was commenced on September 24, 1980 and was subject to the provisions of the then newly enacted Equitable Distribution Law. (L 1980, ch 281, § 9, eff July 19, 1980.) After trial, Honorable Yorka C. Linakis granted plaintiff Maria Malyszko custody of the infant issue of the marriage, to wit: Irene, born on October 4, 1971; Stephen, born on February 7, 1974; and Thomas, born on April 4, 1975. The judgment of divorce, dated April 8, 1981 further awarded plaintiff the sum of $20 per week per child for child support and the sum of $40 per week for maintenance, making a total sum of $100 per week. In accordance with Domestic Relations Law § 236 (B) (5) (f), said judgment of divorce also awarded plaintiff exclusive possession of the marital premises "until the children are emancipated, or the plaintiff remarries, or the plaintiff lives with an unrelated male in the marital home”. The judgment did not deal with the issue of title of the marital premises, and it would appear that upon divorce, the parties’ tenancy by the entirety became, by operation of law, a tenancy-in-common. (See, Kahn v Kahn, 43 NY2d 203, 207; Szabo v Szabo, 71 AD2d 32, 35.)
According to the defendant, since the entry of judgment he suffered a stroke and has become totally disabled, which has prevented him from obtaining gainful employment for the past six years. Due to his impoverished condition, defendant alleges that he has become a homeless person, forced to sleep at Bellevue Hospital in the Homeless Assistance Program.
Based on this unfortunate turn of events, defendant requests herein to be relieved of his maintenance and child support obligations, and instead to become the recipient of maintenance relief from the plaintiff. He further seeks permission to reside separately from plaintiff in the upstairs apartment of the marital residence, arguing that it is unjust for him to be homeless particularly when he is a half owner of said marital premises.
*8 Plaintiff opposes defendant’s application, contending that the upstairs apartment has been rented and provides sorely needed income which is indispensable in light of the fact that defendant has defaulted and not paid his maintenance and child support obligations for the past six years. According to plaintiff, an award of exclusive occupancy under Domestic Relations Law § 236 (B) (5) (f), like an award of equitable distribution or any distributive award included in Domestic Relations Law § 236 (B) (5), has to be justified in a written decision in accordance with Domestic Relations Law § 236 (B) (5) (g), and once made, is not subject to change. (See, O’Brien v O’Brien, 66 NY2d 576, 591 [Meyer, J., concurring]; Farsace v Farsace, 97 AD2d 951; Scheinkman, 1987 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 236, C236B:45, 1990 Pocket Part, at 71.) Plaintiff argues that the implication of Domestic Relations Law § 236 (B) (9) (b), which deals with modification of a judgment only as to maintenance or child support, is that an award of exclusive occupancy once made, is not subject to subsequent modification. It is plaintiff’s position that the court is not authorized as a matter of law to modify the judgment regarding exclusive occupancy of the marital residence, and therefore defendant’s application for such relief should be denied.
However, the court finds that the Equitable Distribution Law has not changed the status of a possession award. Before the advent of equitable distribution, it had been held that a determination in a matrimonial action as to the possession of property was not final. (See, Portano v Portano, 85 AD2d 622.) This rule was based on Domestic Relations Law § 234 which provides, in pertinent part, that "[i]n any action for divorce * * * the court may * * * (2) make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties. Such direction may be made in the final judgment, or by one or more orders from time to time before or subsequent to final judgment”.
Therefore, with respect to awards of possession, the court had been given the authority to "change its mind” and a direction in the final judgment as to the possession of property could be modified thereafter. (See, Portano v Portano, 85 AD2d 622, 623, supra; also see, Anastasia v Anastasia, 100 AD2d *9 740; Corsentino v Corsentino, 67 AD2d 798; Milberg v Milberg, 66 Misc 2d 69, affd 36 AD2d 816.)
Despite the fact that exclusive occupancy of the marital home which had once been designated as a typical form of "inland alimony” has now been made subject to the provision for equitable distribution of property (Domestic Relations Law § 236 [B] [5] [f]), rather than maintenance (Domestic Relations Law § 236 [B] [6]), it has been noted "that the Legislature in fact effected no substantive change in the jurai nature of the parties’ rights. Such possession continues to be derived from judicial enforcement of the excluded spouse’s obligation rather than from a judicial declaration vesting in the benefited spouse a property right in rem in the home.” (Leibowits v Leibowits, 93 AD2d 535, 551-552 [O’Connor, J., concurring].) Justice O’Connor specifically explains why an award of exclusive occupancy retains its old Domestic Relations Law § 234 character of nonfinality despite its reincarnation in Domestic Relations Law § 236 (B) (5), as follows: "The reference to the marital home in section 236 (part B, subd 5, par f) incorporates section 234 by reference, and therefore a disposition of rights under that latter section (i.e., a severance of possession from title) does not follow the new law’s provisions for recognizing and distributing property. Section 234 thus retains its support function in that, as under the maintenance provision of subdivision 9 of part B, there is statutory authorization for postjudgment modification; in contrast, distribution of property under subdivision 5 of part B is final and not subject to postjudgment modification”. (Leibowits v Leibowits, 93 AD2d 535, 552, supra.)
In conclusion, the court finds that directions in matrimonial judgments and orders for the possession of marital property, like maintenance, child support and custody-visitation determinations are inherently not final in nature. (See, 11B Zett-Edmonds-Schwartz, NY Civ Prac j[ 41.01 [c].) Based on the foregoing, defendant’s application for modification of the judgment of divorce regarding exclusive occupancy of the marital residence, maintenance, and child support is proper, and the court has the authority to determine if such relief is warranted.
Before reaching such a determination, the court has to weigh the immediate need of the allegedly homeless defendant to sustain himself and find suitable housing, against the competing interest of the custodial plaintiff and the infant children to peacefully occupy the marital home and be ade *10 quately supported. (See, Harris v Harris, 154 AD2d 438; Sheik v Sheik, 143 AD2d 183; Weseley v Weseley, 58 AD2d 829.)
Since there are conflicting affidavits regarding the issues at hand, a hearing is necessary. (See, Wyser-Pratte v Wyser-Pratte, 66 NY2d 715; Torre v Torre, 142 AD2d 942; Szabo v Szabo, 71 AD2d 32, 37, supra; McGinn v McGinn, 60 AD2d 623.)
Accordingly, this matter is set down for a hearing to be held on December 13, 1990 at 9:30 a.m. in I.A. Part 5.