■ MARLENE MILLMAN, Appellant, v WILLIAM C. MILLMAN, Respondent.—Mahoney, P. J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from that part of an order of the Supreme Court (Weiner, J.), entered September 19, 1989 in Rockland County, which denied plaintiff's motion for modification of the parties' judgment of divorce.

The parties married in 1961 and daughters were born in 1964 and 1969. Plaintiff commenced an action for divorce, which was granted in 1983. Pursuant to the divorce judgment, to which the parties gave written consent, plaintiff received exclusive possession of the marital residence until, *inter alia,* the children both were emancipated or 21 years old, at which

time the house was to be sold with the proceeds, after specified payments were made, to be split equally. Plaintiff also was to receive $202 per week as "alimony". By order to show cause, plaintiff sought to modify these provisions by extending the period of her exclusive possession of the marital residence and increasing her alimony to $400 per week. She also sought counsel fees. Defendant opposed the relief requested and cross-moved to enforce the sale provisions regarding the marital residence because the parties' daughters had become emancipated. Supreme Court denied plaintiff's application, finding that plaintiff failed to make any showing of extreme hardship sufficient to warrant a hearing, and ordered that the marital residence be sold in accordance with the provisions of the divorce judgment. Plaintiff appeals.

Modification of the judgment's provisions about the marital residence is available upon a showing of a substantial change of circumstances (see, Jones v Jones, 84 AD2d 893; Corsentino v Corsentino, 67 AD2d 798). Plaintiff simply fails to raise any substantial change of circumstances to justify modifying the judgment's provisions concerning the marital residence. Plaintiff's need to remain in the marital residence for personal or medical reasons does not relate to any changed condition. Indeed, plaintiff's own proof reveals that her psychiatric condition has continued for over 20 years, a period encompassing the divorce judgment. Further, there is insufficient proof to establish a substantial change of circumstances from an economic perspective. Plaintiff claims only that defendant will enjoy any increased appreciation resulting from her continued residency and that other housing in the area would be more expensive. These circumstances certainly could have been foreseen and, in our view, do not constitute a substantial change in circumstances. Accordingly, Supreme Court properly denied this request.

We also agree with Supreme Court's denial of plaintiff's request for increased alimony. Although it is unclear from the record when the divorce action was commenced, we assume that this application is governed by Domestic Relations Law § 236 (A) because of the judgment's use of the term "alimony" rather than "maintenance" (see, Domestic Relations Law § 236 [B] [2]). We therefore must consider whether plaintiff has shown a substantial change of circumstances to warrant modifying the alimony award (see, e.g., Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236A:8, at 166). As noted above, plaintiff's psychiatric condition has not recently developed and cannot

be termed a substantial change in circumstances. Further, plaintiff is not like the petitioner in *Matter of Archer v Archer* (142 AD2d 881), upon which she heavily relies, as there is no suggestion that plaintiff will become a public charge or that her former spouse's income and assets have greatly increased. Moreover, plaintiff's inability to hold a job dates back many years and cannot be considered a substantial change of circumstances. With these facts prevailing, we find no substantial change in circumstances sufficient to justify an upward modification of plaintiff's alimony.

Finally, we reject plaintiff's contention that Supreme Court erred in failing to hold a hearing on whether the parties' youngest daughter was emancipated. Plaintiff did not refute defendant's assertions that their youngest daughter had engaged full-time employment and was living on her own. Defendant's application for child support in 1985 after this daughter left plaintiff and came to live with him cannot negate the more recent activities establishing emancipation. In the absence of any proof by plaintiff contradicting the daughter's emancipation, there was no question of fact about which Supreme Court needed to hold a hearing. In light of this daughter's emancipation and the older daughter being more than 21 years old, Supreme Court properly ordered that the marital residence be sold in accordance with the terms of the judgment of divorce.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.