■ ALAN GALLANT, Appellant, v JOAN GALLANT, Respondent. [611 NYS2d 170] —Order and judgment (one paper), Supreme Court, New York County (Martin Stecher, J.), entered November 23, 1993, which, *inter alia,* found that the defendant and the parties' children have abandoned the marital apartment for its intended use under the divorce judgment, accelerated and directed the sale of such apartment, and discounted by 7% what was to be plaintiff's share of the proceeds of the sale under the judgment, unanimously modified, on the law and the facts, to delete that portion of the order and judgment discounting plaintiff's share of the sale proceeds, and to provide instead that the proceeds of the sale be shared in accordance with the terms of the judgment and otherwise affirmed, without costs.

The record supports the trial court's finding on remand (197 AD2d 422) that defendant effectively abandoned the marital residence for the purposes intended in the parties' divorce judgment, and that its sale should therefore not await the year 2000 as contemplated in the judgment. However, in discounting plaintiff's share of the proceeds of the sale in order to adjust for the accelerated sale, the trial court failed to take into account relevant factors such as, with respect to plaintiff's $15,000 initial capital investment that was to be returned to him, dollar for dollar, the loss of interest that could have been earned during the term of defendant's exclusive occupancy, and, with respect to plaintiff's originally assigned 85% share of the net proceeds, the potentially appreciated value of the apartment by the year 2000 or its depreciated value since entry of the judgment. In the absence of

expert testimony on these and other factors possibly relevant to valuation, it does not appear that the discounting formula applied by the trial court results in an equitable distribution. Concur—Rosenberger, J. P., Ross, Rubin, Nardelli and Tom, JJ.