■ LOUISE LADDY, Appellant, v BRIAN LADDY, Respondent. [687 NYS2d 687] —In a matrimonial action in which the parties were divorced by judgment dated May 26, 1992, the plaintiff former wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated May 6, 1998, as granted that branch of the motion of the defendant former husband which was to direct her to cooperate in the sale of the former marital residence and denied her cross motion, *inter alia*, in effect, to modify the provisions of the judgment of divorce concerning the sale of the former marital residence, to appoint a Referee to evaluate the property, and to direct the former husband to transfer his interest in the property to her.

Ordered that the order is modified by deleting the first and fourth decretal paragraphs thereof and substituting therefor a provision directing a hearing to determine the value of the former marital residence, the amount of support arrears owed by the former husband, and whether changed circumstances warrant modification of the provisions in the judgment of divorce concerning the sale of the former marital residence; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff former wife.

Pursuant to Domestic Relations Law § 234, the Supreme Court has the authority to issue such direction between the parties as justice requires concerning the possession of the former marital residence, even after the entry of a final judgment in the action (*see, e.g., Gallant v Gallant,* 203 AD2d 209; *Cotu-*

*maccio v Cotumaccio,* 171 AD2d 723; *Millman v Millman,* 168 AD2d 777; *Corsentino v Corsentino,* 67 AD2d 798).

The parties' judgment of divorce provided that the former marital residence was to be sold when the parties' son reached age 18, that the proceeds of the sale were to be divided equally, and a then-existing judgment in favor of the former wife against the former husband for about $31,000 for support arrears was to be satisfied from the former husband's share of the proceeds. The parties' son is now over the age of 18, and the former husband moved, *inter alia,* to hold the former wife in contempt for her failure to cooperate in the sale of the property.

We conclude that the former wife's allegations that the support arrears now owed by the former husband amount to over $70,000 and exceed his equitable interest in the property may, if true, constitute a substantial change in financial circumstances sufficient to warrant modification of the provisions of the judgment of divorce concerning the sale of the former marital residence. Accordingly, a hearing is required to determine the value of the property, the amount of support arrears owed by the former husband, and whether such evidence warrants a modification of the judgment. O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.