■ MARION L. McMANUS, Respondent, v. WILLIAM A. McMANUS III, Appellant.— In an action against plaintiff's former husband to recover moneys expended to support their five children, defendant appeals from a judgment of

the Supreme Court, Nassau County, entered December 16, 1971, in favor of plaintiff, after a nonjury trial. Judgment reversed, on the law, without costs, and complaint dismissed. The findings of fact below are affirmed. The parties were married in 1955. They entered into a separation agreement in May, 1969 and were divorced in Mexico the following month. The separation agreement, which was incorporated into and survives the divorce decree, provides for the payment by defendant of $150 per week for support. The recovery sought in this action is for moneys personally expended by plaintiff for the children's support since the date of the separation agreement. After a brief trial, the trial court awarded her $12,000 for necessaries supplied between May, 1969 and August, 1971. In our opinion, plaintiff is not entitled to the relief sought, the judgment must be reversed and the complaint dismissed. It is now well settled that where provision for child support by the father is made in a divorce decree (whether or not by incorporating the provisions of a separation agreement), the decree limits the father's responsibility until modified by the court (*Horne* v *Horne*, 22 N Y 2d 219; *Rexer* v *Rexer*, 18 A D 2d 935; *Karminski* v. *Karminski*, 260 App. Div. 491). The instant agreement provides for support payments of $150 per week. Although the agreement is inartfully drawn and the payments are deemed therein to be "alimony", we think it clear that the language employed was designed solely to enable defendant to secure a tax deduction and that the real intent of the parties was to provide for the children's support and maintenance. Therefore, plaintiff may not secure reimbursement from defendant for past expenditures in the children's behalf, even though the amounts involved represent necessaries. Plaintiff's only recourse is to have the decree modified with respect to *future* child support payments which, by the way, she has already done by another and separate proceeding. In addition, we simply note that we are not now concerned with the legal consequences of certain other provisions in the agreement in the event that plaintiff should remarry or decide to seek support for herself from defendant. Also, although there was some discussion during the trial by plaintiff's counsel as to whether the agreement should be set aside as improvident or unfair, such relief was not sought in the complaint and the trial court did not pass upon any such "claim". Munder, Acting P. J., Martuscello, Latham, Gulotta and Christ, JJ., concur.