■ JUDITH A. ROLLER, Respondent, v HAROLD ROLLER, Appellant.— Order unanimously reversed, without costs, and petition dismissed. Denman, J., not participating. Memorandum: Petitioner brought this application for modification of the child support provision of a 1972 judgment of divorce by service of an order to show cause returnable August 25, 1977. She alleged as changes in circumstances the increased cost of raising the two children of the marriage, her absence from work due to a back operation and respondent's salary increments since the divorce. Special Term denied any prospective modification of the judgment; however, it ordered a retroactive increase in weekly child support payments from $35 to $75 per child for the period from March 18, 1977 to September 26, 1977, during which petitioner was unable to work. As to child support payments made by respondent prior to petitioner's application for modification, "It is now well settled that where provision for child support by the father is made in a divorce decree (whether or not by incorporating the provisions of a separation agreement), the decree limits the father's responsibility until modified by the court (Horne v. Horne, 22 N Y 2d 219; Rexer v. Rexer, 18 A D 2d 935; Karminski v. Karminski, 260 App. Div. 491)" (McManus v McManus, 39 AD2d 775, 776). Since it appears that respondent has complied with the child support provision of the judgment of divorce, petitioner should not have been granted a modification of payments made prior to her application (Weitz v Weitz, 1 AD2d 1025; see Blauner v Blauner, 60 AD2d 215, 217-218 [dictum]). Petitioner's only recourse was to have the judgment modified as to future child support obligations (McManus v McManus, supra, p 776). With respect to child support payments accruing after petitioner's application for modification, the rule has been established that the court, in its discretion, may modify the judgment of divorce to take effect as of the date of the application to the court (Harris v Harris, 259 NY 334, 336-337). Generally, this is the return date of the motion for modification (see Harris v Harris, supra;

*Joffe v Spector,* 27 AD2d 406, 410). Here, however, the matter was not heard until September 21, 1977. Inasmuch as the delay in hearing the motion does not appear to have been attributable to respondent, Special Term had the authority to order a retroactive increase in child support payments *nunc pro tunc* as of September 21, 1977. Nevertheless, we find that it was an improvident exercise of discretion for the court to increase respondent's payments. While we have approved an increase in support payments where a child's needs as she grew older were considerably greater, in that case the father's earnings were substantially greater *(Klubek v Schad,* 49 AD2d 669). The mere fact that children have grown older and prices have become inflated does not serve, absent any other showing as a basis for increased support (e.g., *Riposo v Riposo,* 60 AD2d 790). Here, petitioner asserted that she was temporarily disabled; however, she was receiving weekly disability income payments of $68.71 and she did not dispute respondent's assertion that the disability income was greater than her earnings on the date of the separation agreement, which had been incorporated into the judgment of divorce. Furthermore, petitioner failed to show that the children's needs were not being met by her. Consequently an award of increased child support was improper. Finally, petitioner has not shown a need for an award of attorney fees in making this application. (Appeal from order of Erie Supreme Court—child support.) Present—Marsh, P. J., Moule, Dillon, Denman and Schnepp, JJ.