■ INA FUREY, Respondent, v EDWARD FUREY, Appellant.—In a matrimonial action in which the plaintiff was granted a divorce, defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County, dated February 22, 1979, as directed him to pay (1) alimony of $100 per week, (2) child support of $100 per week, (3) arrears in child support of $1,152, (4) delinquent taxes on the former marital residence of $4,564.43, (5) past due installments of interest and principal on the mortgage existent upon these premises in the sum of $2,208 and (6) all taxes upon the property thereafter accruing. Order modified, on the facts, by (1) reducing the award of alimony to the plaintiff to $75 per week, and (2) deleting therefrom the seventh decretal paragraph. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remanded to Special Term for further proceedings and the entry of an appropriate amended order, in accordance with the following memorandum. Special Term's fixation of alimony for the wife was clearly excessive in light of the defendant's income and of the other support payments he is required to make. In addition, the record is insufficient to form the basis for an award of arrears in child support payments. Plaintiff testified that she never received certain support checks sent by the defendant to the probation department pursuant to court order. A hearing is required to ascertain whether these checks were cashed by the probation department and to thereupon determine the arrears owed to plaintiff. Lastly, Special Term's memorandum decision dated November 28, 1978 states its intent to direct the defendant to pay as part of his support obligations all prospective installments of principal and interest on the mortgage encumbering the former marital residence. However, Special Term then omitted to include this provision among the decretal paragraphs of the order which was

expressly based upon said decision. As this "omission was a matter of form, correctable for the asking by a motion to resettle" the order *(Halloran v Virginia Chems.,* 41 NY2d 386, 394), we will accord the order the effect patently intended and therefore affirm the direction for the payment of future installments of principal and interest on the former marital home (see CPLR 5019, subd [a]). Special Term should amend its order to correct the oversight. Lazer, J. P., Gibbons, Rabin and O'Connor, JJ., concur.