JEAN MARTIN, Respondent, v PAUL MARTIN, Appellant.

Second Department, August 17, 1981

APPEARANCES OF COUNSEL

*Landa, Picard & Weinstein (Jay Landa* of counsel), for appellant.
*John E. Kingston* for respondent.

OPINION OF THE COURT

LAZER, J. P.

The principal issue on this appeal is the correctness of an order which directed the judicially separated parties

to place their former marital residence on the market by March of 1982 and charged the husband's share of the proceeds of the future sale with half of the maintenance and carrying expenses incurred from the date of the separation judgment in 1977 to the date of conveyance. We believe the charge-back was erroneous and that modification is required.

The relevant facts commence with Mrs. Martin's separation action which resulted in a judgment in her favor and denial of her husband's request for a sale of the marital premises and division of the proceeds. Although the memorandum decision at Special Term awarded the plaintiff exclusive use and occupancy of the premises, the judgment itself contained no such direction. It did, however, order the defendant (then unemployed) to pay $30 weekly to support his own children, but he was not charged with alimony or the carrying expenses for the former marital home. In 1978 the defendant obtained an ex parte Florida divorce and remarried a short time afterwards.

In January of 1979, Mr. Martin moved for an order directing sale of the former marital premises and division of the proceeds. His argument was that: (1) the children had reached their majority; (2) his earning capacity had been impaired by his disability; (3) the effect of the Florida divorce was to convert the tenancy by the entirety to a tenancy in common; and (4) he had remarried. The plaintiff opposed the motion asserting the alleged nullity of the Florida divorce.

Testimony adduced at the ensuing hearing revealed that the house was still being occupied by the plaintiff and the children, one of whom was emancipated and employed full time but contributing only $10 per week for his room and board. During the separation trial in 1977, the cash equity in the property—which was purchased in 1959 for $14,500 —had been estim•ted at $42,000; at the current hearing, the monthly expense for upkeep and maintenance was estimated at $280, which included the mortgage installment, taxes, heat and utilities. When questioned at the hearing concerning the cost of renting a two-bedroom apartment for herself and her daughter, the plaintiff testified that the

cheapest unit she had found was $450 per month, a sum which might not include the cost of heat and electricity.

The record also indicates that plaintiff has been earning approximately $14,000 per year, while defendant's earnings are about $11,700 per year. Mr. Martin claimed that his two-year period of unemployment had resulted in a current indebtedness of $12,000 to $14,000, and that his situation was further complicated by a number of medical disabilities which impaired his earning capacity.

■ In its memorandum decision on the motion, Special Term determined that the parties' marriage had been dissolved by the ex parte divorce obtained in Florida and concluded that their real estate relationship was thus changed to that of tenants in common. The order in issue makes no reference to this conclusion, which was erroneous because under the "divisible divorce" doctrine such an ex parte foreign decree does not affect property rights (see *Vanderbilt v Vanderbilt*, 1 NY2d 342, affd 354 US 416; *Burford v Burford*, 24 AD2d 491) and it will not transform a New York tenancy by the entirety into a tenancy in common *(Ackerman v Ackerman*, 45 AD2d 856; *Anello v Anello*, 22 AD2d 694; 11B Zett-Edmonds-Schwartz, NY Civ Prac, § 48.03, subd [2]).

In any event, after weighing the equitable considerations involved in defendant's application for sale of the property (see Domestic Relations Law, § 234; *Ripp v Ripp*, 32 NY2d 755, affg 38 AD2d 65, on opn at Appellate Division [HOP-KINS, J.]; *Sirianni v Sirianni*, 14 AD2d 432), Special Term decided that the separation judgment should be modified to the extent of offering plaintiff the choice of one of three plans for disposition of the property as outlined by the court. The option plaintiff did select gave her exclusive use and occupancy of the premises until March 21, 1982, when the parties' daughter would achieve emancipation. The property was then to be sold and the proceeds divided equally between the parties, except that the defendant was to reimburse plaintiff for one half of all mortgage and real estate tax payments, homeowner's insurance premiums, and interior and exterior structural repair costs incurred from the date of the separation judgment in 1977 to the date of

sale, a period of at least four and one-half years. On this appeal, defendant contends that the sale should be conducted immediately and that Special Term's imposition of the enumerated charges upon his share of the proceeds was improper.

■ In our view, Special Term erred in imposing retroactive carrying and repair expenses upon the defendant. A judgment of separation effects a modification of an existing marital relationship to the extent of permitting the spouses to live apart from one another, but it has the further effect that the parties' " 'duties and obligations towards each other during the separation are just what the court may have prescribed, and no other' " (see *People v Jansen*, 264 NY 364, 366, quoting *People ex rel. Commissioners of Public Charities & Correction v Cullen*, 153 NY 629, 637).

Of course, under section 234 of the Domestic Relations Law the Supreme Court has the procedural expedient (see *Kahn v Kahn*, 43 NY2d 203) to: "(1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties." The section has been interpreted as authorizing the court to compel a sale of jointly owned marital premises in connection with a judgment of separation (see *Kahn v Kahn, supra; Caplan v Caplan*, 38 AD2d 572; *Pearson v Pearson*, 34 AD2d 797, mot for lv to app den 27 NY2d 486).

In adjusting the equities and weighing the parties' relative circumstances, the original separation court granted exclusive use and possession of the marital abode to the wife, as was made clear by its memorandum decision (see *Furey v Furey*, 76 AD2d 915), despite the apparent omission in failing to incorporate the provision in the judgment. Although plaintiff thus received the benefit of the use and occupancy of the premises, defendant, in turn, was not burdened with any of the carrying or maintenance expenses which he obviously was unable to bear anyway.

The infirmity of the current order lies in the fact that its charge-back aspects amount to a *de facto* grant of a retro-

active increase in support payments to the plaintiff from the September 19, 1977 date of the separation judgment to at least March, 1982. It is almost axiomatic that the fixing of the husband's rights and obligations by the judgment of separation (see *People ex rel. Commissioners of Public Charities & Correction v Cullen, supra;* see, also, *Horne v Horne,* 22 NY2d 219; *Dravecka v Richard,* 267 NY 180; *Turner v Woolworth,* 221 NY 425) precludes the modifying court from granting a retroactive increase in support (see *Roller v Roller,* 64 AD2d 854; *McManus v McManus,* 39 AD2d 775; *Karminski v Karminski,* 260 App Div 491). Although an increase in support may be awarded retroactively to the return date of a motion for modification (see *Harris v Harris,* 259 NY 334; *McCarthy v McCarthy,* 143 NY 235 [final decree of divorce may award alimony *nunc pro tunc* to the date the action is commenced]), that limited exception to the general rule has been founded upon the rationale that "a defendant, by repeated adjournments for one excuse or another, might delay his wife in procuring for herself and his offspring the relief and help which they should have, owing to changed conditions and circumstances" *(Harris v Harris,* 259 NY 334, 336-337, *supra).*

Here, the impermissible award of retroactive support was accomplished by the device of charging back real estate carrying and maintenance charges and deducting them from defendant's share of the proceeds of the sale. The feat is even more notable because it has been accomplished without the benefit of any cross motion by the plaintiff for an increase in support, retroactive or otherwise. Nor does the court's power under section 234 of the Domestic Relations Law to balance partition equities provide any basis for the retroactive increase in support. There is absolutely nothing in this record to warrant an order requiring past carrying expenses to be reimbursed to the plaintiff who has occupied the premises. By March of 1982, the original award of possession, combined with the instant order, will result in the plaintiff having been provided with (1) the use and occupancy of the marital abode for at least four and one-half years at a savings of perhaps $160 to $170 per month over the cost of potential rental accommodations; (2) the benefit of any tax advantages which may have flowed from pay-

ment of mortgage interest and taxes during that period of time; and (3) the recovery of one half of all gross expenditures for mortgage installments, taxes, insurance premiums and repairs for four and one-half years, a sum which may exceed $7,500. In contrast, the defendant, who was relatively penniless in 1977, will have received nothing in the way of compensation for the value of the use and occupancy of the premises since then despite the fact that he was deprived of the use of his cash equity and any return he might have obtained from it during the period of that occupancy.

Accordingly, the order should be modified by striking the provisions directing the deduction from the defendant's share of the sale proceeds of one half of all mortgage payments, insurance premiums, taxes and structural repairs. The balance of the order, including the deferred date of sale, should be affirmed.

GIBBONS, GULOTTA and COHALAN, JJ., concur.

Order of the Supreme Court, Suffolk County, dated February 28, 1980, modified, on the law, by deleting the provisions which direct that there be deducted from the defendant's share of the sale proceeds one half of all mortgage payments, insurance premiums, taxes and structural repairs retroactive to September 19, 1977. As so modified, order affirmed, without costs or disbursements.