(July 18, 1983)

■ SIGURD ACKERMAN, Appellant, v SUSAN ACKERMAN, Respondent. SUSAN ACKERMAN, Respondent, v SIGURD ACKERMAN, Appellant. — In a consolidated matrimonial action, the husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Westchester County (Leggett, J.), dated March 19, 1982, as awarded counsel fees of $3,000 to the wife, and directed him to pay maintenance retroactive to January 1, 1982, and ending on December 31, 1985, unless the wife sooner dies or remarries. Judgment modified, on the law and the facts, by (1) deleting from the fourth decretal paragraph the date "December 31, 1985" and substituting therefor the date "December 31, 1984", and (2) deleting the twelfth decretal paragraph thereof, which required the husband to pay $3,000 counsel fees, and substituting therefor a provision denying plaintiff wife counsel fees. As so modified, judgment affirmed insofar as appealed from, with costs to the husband. The modification as to maintenance is necessary to reflect the parties' stipulation that maintenance shall be paid to the plaintiff wife for three years commencing on January 1, 1982. The stipulation on the record erroneously stated the date for termination of maintenance as December 31, 1985, instead of the concededly correct date of December 31, 1984. Regarding counsel fees, although proof of indigency is not a prerequisite of entitlement to counsel fees (*Furst v Furst,* 88 AD2d 946; *Standley v Standley,* 83 AD2d 863; *Palmer v Palmer,* 76 AD2d 905), "the circumstances of the case and of the respective parties" (Domestic Relations Law, § 237, subd [a]) may not require that the burden of payment of counsel fees be placed on the husband. In this case, the wife has a net worth of approximately $250,000. She can well afford to pay all of her counsel fees, and Special Term abused its discretion in awarding $3,000 in counsel fees to the wife. Damiani, J. P., Titone, Lazer and Boyers, JJ., concur.

■ ACPI, LTD., Respondent, v CHERRY HILL TEXTILES, INC., Appellant. — In an action to recover damages, *inter alia,* for breach of contract, defendant appeals from a decision and judgment of the Supreme Court, Nassau County (McCaffrey, J.), dated June 22, 1982 and July 2, 1982, respectively, which, after a nonjury trial, are in favor of plaintiff in the principal sum of $7,200. Appeal from the decision dismissed. No appeal lies from a decision. Judgment affirmed. Plaintiff is awarded one bill of costs. The record supports the trial court's finding that "the plaintiff performed in excess of the contract requirements for the entire contract." We have considered the defendant's other arguments and have found them to be without merit. Brown, J. P., Niehoff, Rubin and Boyers, JJ., concur.