■ DIANE BAYNON, Respondent, v CLIFFORD BAYNON, Appellant. — In a matrimonial action, the defendant husband appeals (1) as limited by his brief from so much of a judgment of the Supreme Court, Suffolk County (Jones, J.), dated September 7, 1983, as awarded the plaintiff wife maintenance in the amount of $75 per week, child support in the amount of $90 per week for each of the two infant issue of the parties residing with her, and counsel fees in the amount of $2,750, (2) from an order of the same court (Geiler, J.), dated March 20, 1984, which granted the plaintiff's motion for leave to enter a judgment for arrears in maintenance and child support, for a wage deduction order and

for counsel fees in the amount of $750, and (3) from an order of the same court (Geiler, J.), also dated March 20, 1984, which denied his motion to vacate certain provisions of the judgment dated September 7, 1983, upon the ground of fraud. Defendant's notice of appeal from so much of the first of the orders dated March 20, 1984 as granted the plaintiff leave to enter a judgment for arrears in maintenance and child support and for counsel fees is deemed a premature notice of appeal from a judgment of the same court (Geiler, J.), entered April 11, 1984 upon said portions of that order, in the sum of $5,852 (*see,* CPLR 5520 [c]).

Judgment dated September 7, 1983 modified, on the facts and as an exercise of discretion, by deleting the eighth decretal paragraph thereof which awarded counsel fees to the plaintiff wife. As so modified, judgment dated September 7, 1983 affirmed insofar as appealed from, without costs or disbursements.

Appeal from so much of the first order dated March 20, 1984, as granted plaintiff leave to enter a judgment for arrears in maintenance and child support and for counsel fees dismissed, without costs or disbursements. Those portions of the order were superseded by the judgment entered April 11, 1984 (*see, Matter of Aho,* 39 NY2d 241, 248). Balance of the first order dated March 20, 1984, affirmed, without costs or disbursements.

Second order dated March 20, 1984, affirmed, without costs or disbursements.

Judgment entered April 11, 1984 modified, on the facts and as an exercise of discretion, by deleting the words "plus the sum of SEVEN HUNDRED FIFTY ($750.00) DOLLARS for counsel fees, making a total sum of FIVE THOUSAND EIGHT HUNDRED FIFTY-TWO ($5,852.00) DOLLARS" therefrom. As so modified, judgment entered April 11, 1984 affirmed, without costs or disbursements. First order dated March 20, 1984 amended accordingly by deleting the provision granting plaintiff's request for counsel fees in the sum of $750 and substituting therefor a provision denying said request.

The parties to this action were married in New York on September 20, 1969, and have three infant issue, ages 14, 13 and 11. The parties were divorced pursuant to the judgment appealed from, dated September 7, 1983, and the plaintiff was awarded custody of two of the parties' three children. The custody of the third child was awarded to the defendant.

On these appeals, defendant challenges, *inter alia,* the award of maintenance to his former wife in the amount of $75 per week, as well as the award of child support in the amount of $90 per week for each of the parties' two children residing with the

plaintiff. In addition, defendant contests the refusal to award him child support for the infant issue of the marriage residing with him, as well as the awards of counsel fees.

Insofar as the defendant has taken issue with the award of maintenance to his former wife, his appeal has been rendered academic by a subsequent order of the Supreme Court, Suffolk County (Jones, J.), dated September 26, 1984, which, *inter alia,* canceled said award, reduced the wage deduction order and set the matter down for a hearing in order to determine the amount of the arrears attributable thereto.

Turning to the balance of the court's monetary awards, we see no basis for disturbing its determination on the issue of child support, for assuming, arguendo, that the plaintiff's actual yearly income was somewhat understated at the trial, defendant's gross annual income is still roughly twice that of his former wife and she has been awarded custody of two of the parties' three children. Under such circumstances, the award of $90 per week per child was not excessive. However, on the record, considered as a whole, it must be concluded that the plaintiff has failed to establish her financial inability to pay for her own counsel fees, and that such awards, totaling $3,500, should therefore be vacated in their entirety (*see, Cook v Cook,* 95 AD2d 768, 769; *Furst v Furst,* 88 AD2d 946; *Standley v Standley,* 83 AD2d 863, 864; *Palmer v Palmer,* 76 AD2d 905).

As the present record is fully adequate for us to reach these determinations, a new trial on the financial issues posed by this appeal is not required.

We pass on no other issues. Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.