■ ROBERT A. MORTON, Respondent, v JOAN MORTON, Appellant.—In an action for a divorce and ancillary relief the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Collins, J.), entered October 31, 1985, which, *inter alia,*

awarded her maintenance and child support and distributed the marital property.

Ordered that the judgment is modified, on the law and as a matter of discretion, by (1) deleting so much of the fourth decretal paragraph thereof as awarded the defendant wife maintenance in the sum of $200 per week for a period of 52 weeks or until her death or remarriage and substituting therefor a provision awarding her maintenance in that sum for a period of 260 weeks or until her death or remarriage, (2) modifying the fourteenth and sixteenth decretal paragraphs thereof to add provisions for the payment of interest pursuant to CPLR 5004 on installment payments made in accordance with those paragraphs, (3) adding a provision awarding the defendant a 30% distributive award of the value of the plaintiff's podiatry practice in the sum of $26,550 payable in 120 monthly installments of $221.25 plus interest pursuant to CPLR 5004 computed from October 31, 1985, or, if the plaintiff chooses to pay off this distributive award in a shorter period of time, until $26,550 plus interest pursuant to CPLR 5004 from October 31, 1985 has been paid to the defendant, and (4) adding a provision directing the plaintiff to (A) provide medical and dental insurance for the parties' children until they reach the age of 21 or are sooner emancipated; and (B) obtain sufficient life insurance for the benefit of the defendant and the parties' children to insure the payment of all financial obligations to them should he die prior to the date the obligations shall terminate; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for (1) the determination of arrears in maintenance and in distributive award payments, if any, and the making of an appropriate award therefor, (2) the fixing of the amount of life insurance to be obtained by the plaintiff, and (3) the entry of an appropriate amended judgment; the first installment of the distributive award shall be paid within 30 days after entry of the amended judgment; each of the remaining installments shall be paid on the first day of each successive month.

The parties to this action were married in July 1968. Thereafter, the plaintiff attended podiatry school and in 1972 earned his degree and obtained his license in that profession. The defendant wife, who has only a high school education, worked as a clerk-typist at the time of the marriage but stopped working approximately a year later after becoming pregnant with the first of the parties' two children; she has

not held full-time employment since. In the years that the plaintiff was developing his professional practice, the defendant devoted herself primarily to being a homemaker. By 1983, when this action was commenced, the parties had been informally separated for several years, during which period the plaintiff's practice continued to grow. At the trial, the parties stipulated that the podiatry practice was marital property and that its value was $88,500.

Although it cannot be said on this record that the defendant's direct contributions to the development of the podiatry practice have been significant, nonetheless, the defendant's contributions as a homemaker are worthy of full consideration in determining the distribution of this marital asset *(see,* Domestic Relations Law § 236; *Arvantides v Arvantides,* 64 NY2d 1033), and it was error for the trial court to fail to award any share of the value of the practice to the defendant. Taking into consideration the circumstances of this case and of the respective parties, including the relatively equal distribution of the remaining marital property, we consider an award of 30% of the value of the practice to be appropriate.

Given the length of the marriage, the parties' preseparation standard of living, the plaintiff's secure financial position, and the defendant's long absence from the work force and limited employment skills, the judgment should also be modified to increase the duration of the award of maintenance to the defendant. A period of five years from the time specified in the judgment *(see, Lobotsky v Lobotsky,* 122 AD2d 253; *Rodgers v Rodgers,* 98 AD2d 386) should be sufficient to provide the defendant with the necessary financial support for retraining and readjustment *(see,* Domestic Relations Law § 236 [B] [6] [a]; *Schussler v Schussler,* 109 AD2d 875). If the defendant's health condition proves to render her unable to hold gainful employment, she may seek to modify this provision to obtain permanent maintenance. We do not consider the amount of weekly maintenance or child support to have been inadequate.

We do not find that the court abused its discretion in declining to award counsel fees to the defendant, as the distributive award to her is sufficient to enable her to pay her own counsel fees *(see,* Domestic Relations Law § 237 [a]; *Ackerman v Ackerman,* 96 AD2d 543). As a matter of discretion, however, the judgment should be modified to award the defendant statutory interest on that part of the distributive award which the court permitted to be paid in monthly installments over 10 years.

Finally, the judgment should be amended to conform with

the court's decision by adding a provision directing that the plaintiff maintain medical and dental insurance for the parties' children and that he maintain life insurance until such time as his obligation to provide maintenance, child support and the distributive award terminates. The trial court should have fixed the amount of life insurance the plaintiff is obligated to maintain and shall do so on remittitur. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur.