■ Barbara C. Malamut, Appellant, v Richard M. Malamut, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau

County (Berman, J. H. O.), dated April 3, 1986, which, *inter alia*, (1) awarded her exclusive possession of the marital home only until May 1, 1987, at which time the house and its furnishings were to be sold and the proceeds distributed equally between the parties; (2) directed that the defendant husband pay her from the proceeds of the sale only $24,000 for stock which she had previously transferred to the husband; (3) directed that the husband pay her from the proceeds of the sale only $13,105 for her share of the husband's pension benefits; (4) awarded her until May 1, 1987, maintenance in the amount of $150 per week, plus $200 per month for food and groceries, and directed the husband to directly pay certain of her other living expenses; (5) denied her application for child support; (6) denied her application for counsel fees; (7) denied her application for psychiatrist's fees; and (8) denied her application for accountant's fees.

Ordered that the judgment is modified, on the law and as a matter of discretion, (1) by deleting so much of the fourth and eighth decretal paragraphs thereof as awarded the wife maintenance of $150 per week, plus $200 per month and directed payment by the husband of additional expenses until May 1, 1987, and substituting therefor a provision awarding the wife maintenance in the amount of $3,600 per month until her death or remarriage, whichever occurs first, (2) by deleting so much of the seventh decretal paragraph thereof as denied child support and substituting therefor a provision awarding the wife child support in the amount of $400 per month until the child reaches the age of 21 years or is sooner emancipated, and (3) by deleting so much of the tenth decretal paragraph as directed the sale of the furnishings of the marital home, and substituting therefor a provision awarding the furnishings to the wife, except for the Boehm birds which shall be sold and the proceeds divided equally between the parties; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination as to the amount of arrears in child support, and maintenance, if any, due and owing to the plaintiff, and the entry of an appropriate amended judgment.

At the outset, we note that the Judicial Hearing Officer erroneously failed to set forth the factors he considered and the reasons for his decision as is statutorily mandated (*see,* Domestic Relations Law § 236 [B] [6] [b]). However, since the record of the trial and the court's decision provide a sufficient basis for appellate review, it is unnecessary to remit the

matter for further findings *(see, Hillmann v Hillmann,* 109 AD2d 777; *Damiano v Damiano,* 94 AD2d 132).

The parties to this action were married on August 27, 1966. At that time, the wife ceased going to college to become a housewife, and the husband began working for a family-owned company. He currently earns in excess of $100,000 annually. They have one child, a son born in 1969.

During the marriage, the wife began suffering from a major depressive disorder to the point where she became, in effect, an emotional cripple. Her treating psychiatrist testified at trial that her prognosis for the future was "dismal", and stated that it was very unlikely she would "ever * * * be a fully functional, reasonably healthy human being".

Under these circumstances, it was an abuse of discretion to order that the husband's obligation to provide maintenance would terminate about one year after the entry of judgment *(see, Antis v Antis,* 108 AD2d 889). With respect to the amount of the maintenance award, the husband represents that the amount paid directly to the wife and to third parties on her behalf, pursuant to the terms of their separation agreement, totals $3,600 per month. While we do not consider the agreement to be binding upon the parties, it was not an abuse of discretion for the Judicial Hearing Officer to consider the document as evidence of the parties' intent with regard to the amount of maintenance the wife should receive. Since the judgment directs that the marital home be sold, the husband shall remit monthly the $3,600 directly to the wife so that she may obtain alternative housing and pay for her other living expenses. We do not discern any basis to require the sale of the contents of the marital home, at a fraction of their value, and since the husband has already established a new residence, we award them to the wife. The collection of Boehm birds, however, shall be sold and the proceeds equally divided between the parties.

We further find it was an abuse of discretion to deny the wife's application for child support. The child's resources are but one factor to be considered, and under the circumstances of this case, the husband should not be completely relieved of his obligation to support his child *(see, Nolan v Nolan,* 107 AD2d 190). "Absent evidence of need, children should not be forced unwittingly to use their funds or diminish their assets to support themselves" *(Gold v Gold,* 96 Misc 2d 481, 483).

Finally, we do not find that the court abused its discretion in declining to award the wife counsel fees, or accountant's

and psychiatrist's fees, as the distributive award is sufficient to enable her to pay these expenses *(see, e.g., Ackerman v Ackerman,* 96 AD2d 543). Mangano, J. P., Bracken, Kunzeman and Harwood, JJ., concur.