(September 21, 1987)

■ DIANE BAYNON, Respondent, v CLIFFORD BAYNON, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated September 7, 1983, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Jones, J.), dated January 7, 1986, which, *inter alia,* (1) denied his motion to modify so much of the divorce judgment as awarded the plaintiff wife maintenance in the amount of $75 per week, (2) denied him counsel fees, (3) failed to grant his request for child support, (4) granted the plaintiff's motion to vacate a decision of the same court, dated August 16, 1984, made upon her default, which had deleted the maintenance provision of the divorce judgment, (5) awarded the plaintiff a money judgment of $4,875, representing arrears in maintenance, and (6) reinstated a wage deduction order in favor of the plaintiff in the amount of $255 per week.

Ordered that the order is affirmed, with costs.

The parties to this action were married on September 20, 1969. By judgment dated September 7, 1983, the plaintiff wife was granted a divorce on the ground of the defendant's cruel and inhuman treatment. The judgment awarded custody of 2 of the parties' 3 children to the plaintiff and custody of the remaining child to the defendant.

On appeal, the defendant challenges the denial of his request for a downward modification of the $75 award of maintenance that he must pay his former wife each week. The request for a modification was predicated upon the allegation that the plaintiff had failed to disclose certain additional

income to the trial court prior to the entry of the judgment of divorce. The defendant further claims that the plaintiff has experienced a change of circumstances in that her base salary has increased since the issuance of the judgment of divorce. In addition, the defendant challenges the award of child support, which was in the sum of $90 per week for each of the parties' two children residing with plaintiff, as well as the trial court's refusal to award him support for the child over whom he has custody.

Insofar as the defendant has taken issue with the award of maintenance, owing to the plaintiff's alleged failure to disclose additional income, this court has reviewed the evidence presented by the defendant and finds that evidence to be virtually identical to that previously submitted to this court upon the defendant's prior application seeking a vacatur of the divorce or a modification of the maintenance provisions on the ground of fraud (see, Baynon v Baynon, 111 AD2d 733). We decline to review issues previously determined by this court, and we admonish the defendant and his counsel for raising frivolous claims as well as for affirmatively concealing from Special Term the fact that the question of whether the plaintiff had misrepresented the nature and extent of her assets had previously been considered and disposed of by a court of coordinate jurisdiction. It is evident from the record that the defendant has abused the judicial process by attempting to repeatedly litigate the same issue before various tribunals and such sharp practices must be condemned.

We further find that the present record does not support a finding that a change of circumstances has occurred sufficient to warrant a downward modification of the maintenance award.

With respect to the defendant's challenge to the award of child support, we note that in our previous decision involving these litigants, we declined to modify the child support provisions of the judgment of divorce in view of the fact that the defendant's gross annual income substantially exceeded that of the plaintiff's. No additional credible evidence has been submitted to this court, within the context of this appeal, to demonstrate that the parties' relative financial statuses have changed. While the plaintiff's salary has increased since the prior appeal, the defendant's salary has also increased proportionately. Inasmuch as the defendant's gross annual income is still roughly twice that of his former wife, and in light of the fact that she has retained custody of 2 of the parties' 3

children, we see no reason to disturb those provisions of the judgment of divorce that pertain to child support.

Finally, there is no basis in the record for awarding the defendant counsel fees. The defendant husband has not demonstrated a financial inability to pay his own fees nor should the plaintiff be made to pay for an appeal raising what we have found to be frivolous claims.

We have considered the defendant's remaining contentions and find them to be devoid of merit. Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.