■ ALAYNE ROUGH, Formerly Known as ALAYNE KANDELL, Appellant-Respondent, v ROBERT L. KANDELL, Respondent-Appellant.—In a matrimonial action in which the parties were divorced by judgment entered October 26, 1974, the plaintiff former wife appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered April 2, 1985, which granted the defendant former husband's motion for reargument of her motion, *inter alia,* for upward modification of alimony and child support, and for arrears of alimony and child support, and vacated so much of an order of the same court, dated January 9, 1985, as (1) made the upward modification retroactive to August 5, 1983, the date of her application, an increase in the amount of child support to be paid by the defendant, and (2) awarded $11,000 plus disbursements to her attorney to be paid by the defendant, and the defendant cross-appeals from so much of the order entered April 2, 1985 as directed him to pay to the plaintiff the sum of $150 per week for each of the two unemancipated children for a total of $300 per week.

Ordered that the order entered April 2, 1985, is modified, on the law and the facts, and in the exercise of discretion, by (1) reducing the amount of child support awarded from $150 per week per child to $75 per week per child, and (2) deleting from the first decretal paragraph thereof the words "October 26, 1984, the first Friday after the decision of Justice Roncallo in this action", and substituting therefor the words "August 5, 1983, the date the plaintiff's application was made"; as so modified, the order entered April 2, 1985, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Pursuant to a separation agreement which survived the judgment of divorce granted in 1974, the defendant was required to pay $166.66 per month for each of the four children of the marriage until each has attained the age of 21 years. On August 5, 1983, the plaintiff moved, *inter alia,* for upward modification of the original award. After a hearing before Special Term in 1984 the court directed an increase in the defendant's support obligation to $150 per week for each of the two unemancipated children.

While the parties to a separation agreement are usually bound by its provisions regarding the allocation of financial responsibility of supporting the children, a court may properly modify the allocation where it is determined either that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred, resulting in a concomitant need *(Matter of Brescia v Fitts,* 56 NY2d 132). In *Matter of Brescia v Fitts (supra,* at 141), the Court of Appeals stated as follows: "Considering both the circumstances as they existed at the time of the prior award and at the time the application is made several factors may, in a proper case, enter into the determination, including the increased needs of the children due to special circumstances or to the additional activities of growing children *(Ward v Ward,* 79 AD2d 683), the increased cost of living insofar as it results in greater expenses for the children *(Matter of Covington v Clavin,* 70 AD2d 592) [or] a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent *(Matter of Goldberg v Aylward,* 72 AD2d 510 * * *)*".

In the instant matter, the plaintiff demonstrated a sharp increase in the needs of each child from 1977 to 1984, as well as the defendant's increased ability to meet the burden of support. However, we find the modified award of $150 per week per child is excessive in view of the fact that plaintiff's income had more than quadrupled from $10,000 to over $40,000 in 1983 and her assets have increased to $89,000. Accordingly, the award should be modified to reflect an increase in child support payments to $75 per week per child rather than $150 per week per child.

Moreover, we find that Special Term erred in striking from its prior order the provision making the increase retroactive to August 5, 1983, the date of the application. It is well established that the court, in its discretion, may allow a modification of a child support award to take effect as of the date of the application *(see, Harris v Harris,* 259 NY 334; *Sonmez v Sonmez,* 121 AD2d 883; *Roller v Roller,* 64 AD2d 854). In the case at bar, lengthy delays in the proceedings, while not entirely attributable to the defendant, caused the proceedings to extend beyond the date of emancipation of one of the children. Under such circumstances, it would be unfair to deny the now emancipated child the benefit of the increased award to which she was entitled.

Lastly, we find that on the record before us, Special Term's denial of the plaintiff's request for counsel fees was proper.

Where both parties are similarly situated financially and the plaintiff has failed to establish any financial inability to pay her own counsel fees, an award of counsel fees from one spouse to another is both erroneous and inappropriate *(Ackerman v Ackerman,* 96 AD2d 543; *Baynon v Baynon,* 111 AD2d 733; *Furst v Furst,* 88 AD2d 946; *Standley v Standley,* 83 AD2d 863). Niehoff, J. P., Rubin, Lawrence and Sullivan, JJ., concur.