■ ELAINE SCHOTTENFELD, Appellant, v HAROLD SCHOTTENFELD, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 30, 1988, as denied those branches of her motion which were to compel the defendant husband to provide her with health insurance pendente lite, to pay the expenses of the marital residence pendente lite, and to pay her interim counsel fees.

Ordered that the order is modified, on consent of the defendant, by deleting the provision thereof which denied that branch of the plaintiff's motion which was to compel the defendant to provide her with health insurance pendente lite, and by substituting therefor a provision granting that branch of the motion to the extent of directing the defendant to continue his employment-related health insurance of the plaintiff pendente lite; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on September 11, 1954 and separated in 1982. The plaintiff commenced this action for a divorce and ancillary relief in June 1988.

The plaintiff moved, *inter alia,* for pendente lite relief including interim counsel fees, and to compel the defendant to pay the carrying charges of the marital residence and for her health insurance coverage.

Upon a review of the record, we find that the court did not err in denying the plaintiff's request that the defendant be responsible for the expenses of the marital residence of which she is the sole occupant. It appears that the plaintiff has sufficient income of her own as well as substantial liquid assets. In addition, there is no showing that the plaintiff is unable at this time to meet the cost of her counsel fees *(see,* Domestic Relations Law § 237 [a]; *Ahern v Ahern,* 94 AD2d 53; *Ackerman v Ackerman,* 96 AD2d 543; *Rough v Kandell,* 135 AD2d 700).

However, on appeal, the defendant has consented to continue, pending trial, the plaintiff's health insurance coverage under his employment-related insurance policy. Therefore, we have modified the order appealed from to so provide. Bracken, J. P., Brown, Kunzeman and Kooper, JJ., concur.