■ BARBARA C. MALAMUT, Appellant-Respondent, v DORIS L. SASSOWER, P. C., Respondent-Appellant.—In an action to rescind a retainer agreement, (1) the plaintiff appeals, as limited by her brief, from (a) so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Delaney, J.), dated August 7, 1989, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and (b) so much of an order of the same court, dated December 14, 1989, as, upon reargument, adhered to the original determination, and (2) the defendant cross-appeals, as limited by its brief, from so much of the order and judgment as denied that branch of its motion which was for the imposition of costs and sanctions.

Ordered that the appeal by the plaintiff from so much of the order and judgment as granted that branch of defendant's motion which was for summary judgment in its favor is dismissed, as that portion of the order and judgment was superseded by the order made upon reargument; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the provision of the order and judgment which granted that branch of the defendant's motion which was for summary judgment dismissing the complaint is vacated, and that branch of the defendant's motion is denied; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff retained the defendant law firm to represent her in a matrimonial action which was eventually tried before a Judicial Hearing Officer. During the pendency of the matrimonial action, the defendant law firm successfully moved on the plaintiff's behalf for the appointment of a guardian ad litem on account of the plaintiff's emotional disorder which arose during the marriage. On appeal from the judgment (see, Malamut v Malamut, 133 AD2d 101), for which plaintiff retained new counsel, this court substantially increased the amount awarded for maintenance, and awarded the plaintiff child support. However, the denial of counsel fees was affirmed because the court found the distributive award made

by the Judicial Hearing Officer was sufficient to enable plaintiff to pay these expenses *(see, Malamut v Malamut, supra,* at 103).

The plaintiff now seeks, *inter alia,* to set aside the retainer agreement executed with the defendant law firm and pursuant to which the law firm claims that some $200,000 in fees became due, approximately $180,000 of which remains unpaid. The defendant law firm also seeks sanctions for what it characterizes as frivolous litigation. It moved for summary judgment dismissing the complaint. Finding that the plaintiff relied on the retainer agreement and the defendant law firm's performance pursuant to it to support her request for counsel fees in the matrimonial action, the Supreme Court ruled that the doctrine of estoppel against inconsistent positions precluded the plaintiff from challenging the agreement here. It also ruled that the plaintiff failed to establish the existence of an issue of fact as to whether she was mentally incompetent at the time she executed the retainer agreement so as to warrant setting it aside. Although Supreme Court denied the request for sanctions, it granted the defendant law firm summary judgment dismissing the complaint. We conclude that this was error.

We note at the outset that the doctrine of estoppel against inconsistent positions *(see, Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591; *Kasmarski v Terranova,* 115 AD2d 640) does not apply here. The validity of a retainer agreement is not necessarily at issue on an application for counsel fees in a matrimonial action *(see,* Domestic Relations Law § 237; *see also, Bisca v Bisca,* 108 AD2d 773; *Ackerman v Ackerman,* 96 AD2d 543; *Malamut v Malamut, supra,* at 103), and, in any event, plaintiff here was not successful on her application for counsel fees *(see, Kasmarski v Terranova, supra; Environmental Concern v Larchwood Constr. Corp., supra).* Although the record before us suggests the existence of an issue of fact as to the plaintiff's capacity to contract, we also note plaintiff is not required to demonstrate mental incompetence in order to successfully challenge the retainer agreement or the reasonableness of the fees due pursuant to it.

Courts have the authority to supervise the charging of fees for legal services *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471) and, in that regard, "[c]ontracts between attorney and client, as a matter of public policy, are of special interest and concern of the courts. They are not always enforceable in the same manner as ordinary commercial contracts" *(Cohen v*

*Ryan,* 34 AD2d 789, 790). Given the fiduciary nature of the relationship between attorney and client, it was the defendant law firm's burden to establish, *inter alia,* that the arrangement for compensation was fair and reasonable *(see, Cohen v Ryan, supra; cf., Greene v Greene,* 56 NY2d 86, 92).

In light of this determination, it is apparent that that branch of the defendant law firm's motion which was for the imposition of costs and sanctions was properly denied. Kooper, J. P., Lawrence, Harwood and Balletta, JJ., concur.