■ PAMELA M. BOROCK, Formerly Known as PAMELA M. FRAY, Appellant, v WILLIAM C. FRAY, Respondent. [632 NYS2d 828] —In a matrimonial action, in which the parties were divorced by judgment entered April 13, 1979, the plaintiff former wife appeals from an order of the Supreme Court, Suffolk County (Berler, J.), dated March 10, 1994, which, *inter alia,* granted the former husband "exclusive occupancy jointly" with the wife in the marital residence for the purpose of enabling a sale thereof and declared that the wife was solely responsible for the carrying charges on the marital residence.

Ordered that the order is affirmed, with costs.

The April 1979 judgment of divorce and August 1978 stipulation of settlement, which was incorporated into but did not merge with the judgment of divorce, granted the former wife

exclusive occupancy of the marital residence until the parties' oldest child reached 18, at which time the marital residence was to be sold at its then-prevailing fair market value and the proceeds divided evenly between the parties. The wife remarried in 1979 and lived in the marital residence thereafter with her second husband and a child of that union. The divorce judgment was silent which respect to the parties' responsibilities for payment of the carrying charges for the marital residence. Therefore, with respect to the time period during which the wife was awarded exclusive possession, *i.e.,* until the parties' oldest child turned 18, the wife is not entitled to a credit for those expenses *(see, Martin v Martin,* 82 AD2d 431). Moreover, once the wife's exclusive possession of the marital residence terminated pursuant to the judgment of divorce her continued occupancy of the parties' former marital residence by herself and her second family effectively ousted the defendant from possession and enjoyment thereof and the wife became responsible for any charges assessed against the premises, including payments for the mortgage, taxes, repairs, etc. *(see, Topilow v Peltz,* 25 AD2d 874; *see also, Johnston v Martin,* 183 AD2d 1019, 1021; *Worthing v Cossar,* 93 AD2d 515, 518, 519; *cf., Haberman v Haberman,* 216 AD2d 525).

The divorce documents also provided that the court retain jurisdiction of this matter so that it might make further decrees with respect to exclusive occupancy of the marital residence. Upon the husband's application in 1994, the court determined that an order for "exclusive occupancy jointly" was proper because it would further the parties' intent to sell the premises at fair market value.

The wife's remaining contentions are without merit. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.