■ EDWARD SOYER, Appellant, v CATHERINE S. PERRICONE, Respondent. [635 NYS2d 253] —In an action for partition of real property, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (LeVine, J.), dated September 9, 1994, as directed that, upon the sale of the real property in question, the plaintiff shall be charged with "escrow payments for real estate taxes, water and sewer rates and fire insurance premiums made by defendant to Queens County Savings Bank since March 30, 1973 on account of a certain mortgage given to said bank" and "one-half of the reasonable expenses paid by defendant undertaken to preserve the said premises", and directed a Referee to make findings with respect to those charges.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the provision thereof which directs that the plaintiff shall be charged with "escrow payments for real estate taxes, water and sewer rates, and fire insurance premiums made by defendant to the Queens County Savings Bank since March 30, 1973", the fourth decretal paragraph thereof, charging the plaintiff with one-half the reasonable expenses paid by the defendant to preserve the premises, and the provision thereof directing the Referee to make findings with respect to those charges, are deleted, and a provision is substituted therefor that the plaintiff shall be charged with only interest and principal paid by the defendant to Queens County Savings Bank since March 30, 1973, on account of the mortgage held by that bank.

The parties' judgment of divorce which awarded the defendant exclusive possession of the marital residence provided that, upon the sale of the marital residence, the defendant "will be reimbursed * * * for any amortization payments made by her subsequent to March 30, 1973". We agree with the plaintiff that "amortization payments" may include mortgage payments for principal and interest to the Queens County Savings Bank, but not escrow payments for real estate taxes, water and sewer charges and fire insurance premiums (see, Black's Law Dictionary 83 [6th ed 1990]; St. John v St. John, 161 AD2d 572). Further, since the divorce judgment was silent as to other payments to preserve the property, including repair costs, the party occupying the premises must be charged with those expenses (see, Borock v Fray, 220 AD2d 637; Martin v Martin, 82 AD2d 431).

The plaintiff's remaining contentions are not properly before us (see, Dingle v Pergament Home Ctrs., 141 AD2d 798), and, in

any event, are without merit *(see, Borock v Fray, supra; Oliva v Oliva,* 136 AD2d 611; *see generally, Pitson v Sellers,* 206 AD2d 575).* Balletta, J. P., Thompson, Joy and Goldstein, JJ., concur.