■ LORRAINE FIELD, Respondent-Appellant, v RICHARD KALISZEWSKI, Appellant-Respondent, et al., Defendant. [673 NYS2d 195] —In an action for the partition of real property, the defendant Richard Kaliszewski appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated April 24, 1997, as, upon reargument, adhered to stated portions of a decision of the same court dated October 29, 1996, and (2), as limited by his brief, from so much of an order and interlocutory judgment (one paper) of the same court dated June 17, 1997, as, upon the decision dated October 29, 1996, granted the plaintiff's cross motion "to the extent that the plaintiff shall be given a credit for fifty (50%) per cent of the cost of the reasonable and necessary repairs of the premises, mortgage payments, insurance payments and taxes upon the sale of the property, which amount shall be determined by the referee". The plaintiff cross-appeals, as limited by

her brief, from so much of the order and interlocutory judgment as denied her cross motion in all other respects.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order made upon reargument of a decision (*see, Matter of A&S Transp. Co. v County of Nassau*, 154 AD2d 456, 457; *Stockfield v Stockfield*, 131 AD2d 834, 835); and it is further,

Ordered that the order and interlocutory judgment is reversed insofar as appealed from, on the law, so much of the third decretal paragraph thereof as granted those branches of the plaintiff's cross motion which were for a credit for 50% of the cost of the reasonable and necessary repairs of the premises, mortgage payments, insurance payments, and taxes upon the sale of the property is vacated, and those branches of the cross motion are denied; and it is further,

Ordered that the order and interlocutory judgment is affirmed insofar as cross appealed from; and it is further,

Ordered that the appellant-respondent is awarded one bill of costs.

Pursuant to the parties' judgment of divorce and stipulation of settlement, the plaintiff was granted sole possession of the marital residence until the parties' child reached the age of 21 years and six months, at which time the defendant could bring an action for partition, and the proceeds of the sale would be divided in accordance with the law of partition. After the child reached the appointed age, the plaintiff continued in possession of the marital residence. Both the judgment of divorce and the stipulation of settlement were silent with respect to the parties' responsibilities for payment of the carrying charges for the marital residence. Therefore, the plaintiff is not entitled to a credit for those expenses upon the sale of the marital residence either for the period until the child reached the age of 21 years and six months or thereafter (*see, Borock v Fray*, 220 AD2d 637; *Martin v Martin*, 82 AD2d 431; *see also, Soyer v Perricone*, 222 AD2d 496). In addition, we reject the plaintiff's contention that she was entitled to a credit of $2,000 for college expenses of the parties' child pursuant to the stipulation, as she failed to prove that she paid any such college expenses on behalf of the child. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.