■ MARILYN E. CODD, Respondent, v TIMOTHY P. CODD, Appellant. [704 NYS2d 435] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in determining that, upon the sale of the parties' marital residence, plaintiff is entitled to a credit for her payment of the carrying charges. Plaintiff was awarded sole occupancy of the marital residence until the children were emancipated, when the proceeds would be divided equally. Absent any provision in the parties' judgment of divorce or stipulation of settlement concerning the parties' responsibilities for the payment of the carrying charges, plaintiff is not entitled to a credit (*see, Field v Kaliszewski,* 250 AD2d 728, 729; *Borock v Fray,* 220 AD2d 637, 638). "The infirmity of the current order lies in the fact that its charge-back aspects amount to a de facto grant of a retroactive increase in support payments to the plaintiff" (*Martin v Martin,* 82 AD2d 431, 434-435). We thus modify the order by deleting subparagraphs (b) through (f) of the third ordering paragraph. (Appeal from Order of Supreme Court, Niagara County, Doherty, J.H.O.—Matrimonial.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.