■ BRIAN W. O'CONNOR, Appellant, v BLODNICK, ABRAMOWITZ AND BLODNICK et al., Respondents. [744 NYS2d 205] —In an action, inter alia, to recover damages for breach of contract and legal malpractice, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Burke, J.), entered April 23, 2001, as, upon the granting of that branch of the defendants' motion which was to dismiss the third cause of action sounding in breach of contract made at the close of his case, dismissed that cause of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, and the plaintiff is granted a new trial on the third cause of action sounding in breach of contract limited to the issue of whether the fees paid to the defendants were fair and reasonable, with costs to abide the event.

At issue is whether the trial court properly dismissed the third cause of action sounding in breach of contract. At his examination before trial, which was admitted in evidence as part of the plaintiff's direct case, the defendant Edward L. Blodnick acknowledged that the $400 premium rate charged to the plaintiff was twice his usual rate. He acknowledged that he could not recall whether he ever charged this premium rate to

any other client. He claimed that he charged twice his usual rate on the ground that the plaintiff was not required to pay the fees within 30 days of billing. The defendants' bills itemized services rendered, but not the number of hours expended.

The trial court granted the defendants judgment as a matter of law at the close of the plaintiff's case on the ground that the plaintiff failed to satisfy his burden of establishing that "the number of hours or the hourly rates charged were erroneously computed, or that the services billed for were not performed at all" or were unnecessary.

The plaintiff established a prima facie case that the fees assessed were excessive based upon Edward K. Blodnick's testimony at his examination before trial that he charged the plaintiff twice his usual rate, his inability to provide a reasonable explanation for imposition of the premium rate, and his inability to support the charges assessed with records of hours spent on the case. Overbilling and padding of costs can constitute a breach of contract (*see Graphic Offset Co. v Torre*, 78 AD2d 788), and can give rise to a cause of action in favor of a client and against an attorney (*see U.S. Ice Cream Corp. v Bizar*, 240 AD2d 654). As a matter of public policy, the defendants had the burden of establishing that their compensation was fair and reasonable (*see Shaw v Manufacturers Hanover Trust Co.*, 68 NY2d 172, 176; *Matter of Bizar & Martin v U.S. Ice Cream Corp.*, 228 AD2d 588, 589; *Malamut v Doris L. Sassower, P.C.*, 171 AD2d 780).

The fact that the fees in question were already paid to the defendants did not alter the fact that the defendants bore the ultimate burden of proof as to the reasonableness of their fees (*see Jacobson v Sassower*, 66 NY2d 991, 993). A new trial must be granted to afford them an opportunity to satisfy their burden of proof.

The plaintiff's remaining contentions are without merit. Santucci, J.P., Altman, Goldstein and Luciano, JJ., concur.