■ MARY A. AMARIS, Appellant, v MIGUEL AMARIS, Respondent. [759 NYS2d 681] —In a matrimonial action in which the parties were divorced by a judgment entered April 11, 1988, the plaintiff appeals from an order of the Supreme Court, Suf-

folk County (McNulty, J.), dated July 8, 2002, which granted the defendant's motion, inter alia, to direct the sale of the former marital residence and divide the net proceeds of the sale equally, and for an award of an attorney's fee and denied her application, inter alia, for a credit for child support arrears.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof awarding the defendant the sum of $2,300 as an attorney's fee, and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof denying the plaintiff a credit for child support arrears and substituting therefor a provision granting the plaintiff a credit for child support arrears, if any, owed by the defendant, and directing a hearing on this issue; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The parties were divorced by a judgment entered April 11, 1988. In pertinent part, the judgment awarded the plaintiff sole and exclusive use and occupancy of the marital residence until the parties' youngest child graduated from high school. Thereafter, the marital residence was to be sold and the net proceeds of the sale divided equally between the parties. However, the judgment was silent as to who was responsible for paying the carrying charges on the marital residence. Although the parties' youngest child graduated from high school in June 1993, the plaintiff continued to reside in the former marital residence.

In April 2002 the defendant moved, inter alia, to compel the sale of the former marital residence and to divide the net proceeds as provided in the divorce judgment. He also requested an award of an attorney's fee incurred in making the motion. In opposition, the plaintiff requested, among other things, credits for certain expenses, including child support arrears owed by the defendant, the cost of certain capital improvements which she made to the former marital residence, and the amount by which she had paid down the principal on the mortgage on the marital residence. The Supreme Court granted the defendant's motion in its entirety and denied the plaintiff's request for credits.

Contrary to the plaintiff's contention on appeal, the Supreme Court properly denied her request for credits for the capital improvements which she made to the former marital residence (*see Soyer v Perricone,* 222 AD2d 496 [1995]; *Borock v Fray,* 220 AD2d 637, 638 [1995]; *see also Hnis v Hnis,* 300 AD2d 629, 630 [2002]), and for the amount by which she reduced the

principal due on the mortgage on the former marital residence (*see Borock v Fray, supra; Field v Kaliszewski,* 250 AD2d 728, 729 [1998]; *see also Codd v Codd,* 270 AD2d 880 [2000]; *Martin v Martin,* 82 AD2d 431 [1981]). However, the Supreme Court erred in denying the plaintiff's request for a credit for the child support arrears owed by the defendant (*see Bittner v Bittner,* 296 AD2d 516, 518 [2002]). Since the record contains conflicting evidence as to whether the defendant owes the plaintiff any child support arrears, we remit the matter to the Supreme Court for a hearing on this issue (*see Laddy v Laddy,* 260 AD2d 354, 355 [1999]; *cf. Beece v Beece,* 289 AD2d 352, 353 [2001]).

The Supreme Court improperly awarded the defendant an attorney's fee on his motion, since there was no finding that the plaintiff's failure to comply with the divorce judgment was willful (*see* Domestic Relations Law § 237 [c]; *Markhoff v Markhoff,* 225 AD2d 1000, 1002 [1996]; *cf. Green v Green,* 288 AD2d 436, 437-438 [2001]; *Vicinanzo v Vicinanzo,* 233 AD2d 715, 716 [1996]).

The plaintiff's remaining contentions are without merit. Luciano, J.P., Adams, Townes and Rivera, JJ., concur.