In the Matter of GIRIJA DEY, Appellant, v DENISE BAYARD, Respondent. [779 NYS2d 243]—

In a proceeding to vacate certain child support arrears allegedly owed by the petitioner, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Burke, J.), dated April 2, 2003, which denied his petition to recompute his child support arrears to reflect a child support payment he allegedly made in the amount of $9,000 and, in effect, dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing in accordance herewith.

The petitioner sought, in effect, a credit in the amount of $9,000 against child support arrears he allegedly owed. In support of his petition, the petitioner submitted a canceled check, dated June 5, 1984, made payable to "Marie Denise Bayard" in the sum of $9,000. The Supreme Court found, inter alia, that the documentary evidence attached to the moving papers did not "demonstrate the payment of child support in discharge of a legal obligation to pay same for which he is entitled to a credit with the Child Support Enforcement Bureau against arrears computed by said bureau." The Supreme Court denied the petition and, in effect, dismissed the proceeding. We reverse.

As the petitioner established that he made a payment to "Marie Denise Bayard" in the amount of $9,000 and submitted a copy of the canceled check, the Supreme Court erred in summarily denying his petition. Accordingly, the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the alleged payment of $9,000 made by the petitioner was for child support, and whether he is entitled to a credit in child support arrears (see Amaris v Amaris, 305 AD2d 618, 620 [2003]). Ritter, J.P., S. Miller, Townes, Crane and Rivera, JJ., concur.